[No. 16788.  *En Banc.*  June 17, 1922.]

J. R. COOLEY, *Respondent,* v. TACOMA RAILWAY & POWER COMPANY, *Appellant.*[1]

STREET RAILROADS (29)—ACCIDENT AT CROSSING—NEGLIGENCE—QUESTION FOR JURY.  Where there was evidence that a street car, in collision with an automobile, was exceeding the speed limit, and going thirty-five miles an hour, the negligence of the motorman is for the jury.

SAME (19, 28)—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  The driver of an automobile, struck by a street car, is guilty of contributory negligence, as a matter of law, where he had a clear view back before turning across street car tracks, and was immediately struck by a street car approaching from the rear, although plaintiff testified that he looked back over his shoulder twice and saw no street car; it appearing that the street situation was unusual and that he was going very slow and started to cross the track without stopping.

SAME (23)—NEGLIGENCE—LAST CLEAR CHANCE.  The doctrine of last clear chance in a street car collision has no application where the street car was stopped as soon as possible after plaintiff started to cross the track.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 14, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Reversed.

*F. D. Oakley,* for appellant.

*Guy E. Kelly* and *Thomas MacMahon,* for respondent.

[1]Reported in 207 Pac. 608.

HOVEY, J.—Respondent sued the appellant for injuries caused to himself and his automobile through collision with a street car. From a judgment upon the verdict in respondent's favor amounting to $645, this appeal is prosecuted.

The place where the accident occurred presents an unusual situation. Jefferson avenue at this point is a main north and south thoroughfare of the city of Tacoma. Twenty-fifth street approaches Jefferson avenue from the east and its actual intersection occupies only a portion of the eastern side of Jefferson, the approach on Twenty-fifth street being upon a grade of fifteen per cent, and the eastern portion of Jefferson being sloped down at each side of Twenty-fifth street, so that the travelers upon entering Jefferson must turn either to the right or left and resume a grade of four and three-tenths per cent for a distance of about one hundred and twenty-five feet from the center of Twenty-fifth street before getting upon the level of Jefferson avenue proper. The rule of travel is to turn to the right upon entering Jefferson avenue, and a traveler desiring to go south upon that avenue cannot cross to reach its west side until reaching its ordinary level, as a concrete abutment is erected across what is the physical terminus of Twenty-fifth street, and to a height of about three feet above the ordinary level of Jefferson. This abutment is about two hundred and fifty feet in length and forms the western boundary of the approaches from Twenty-fifth street. It is undisputed that there is an uninterrupted view to the south from the place of accident of five hundred or six hundred feet.

The testimony of respondent is that, on March 19, 1920, at the hour of 5:50 p. m., he drove a Ford coupe up Twenty-fifth street to its intersection with Jeffer-

son avenue, and as he made the turn to the north he looked over his shoulder to observe any traffic approaching from the south, and then turned to his right and continued up the grade to the north end of the concrete wall, where he again looked over his shoulder to the left and saw no street car in that direction, but did observe the street car to his right on the southbound track, but without ever stopping his car, started to cross the north-bound street car track, which at this point runs quite close to the abutment, and before he had succeeded in crossing the track he was struck by a north-bound street car and rendered unconscious; that he was familiar with the situation and traveled this route at least five times a week, and that it was not raining at the time of the accident, but had been. Other testimony produced by the respondent is to the effect that the automobile was pushed in front of the street car a considerable distance until it came to the south-bound street car, which caught the radiator of the auto, and the result was a bad wreck of the automobile with some slight injuries to the respondent.

Upon the west side of Jefferson avenue, and in front of the space immediately north of the north end of the concrete abutment, is situated a garage, in the door of which several men were standing, who witnessed the accident and testified on behalf of the respondent. Their testimony varies as to the distance of the northbound street car from the automobile at the time respondent attempted to cross, one witness placing it at fifteen or twenty feet, and another at about two hundred feet, but they all agreed that the situation indicated to each of them that the accident was inevitable. The testimony of some of these witnesses was to the effect that the street car was going at an unlawful rate of speed, the highest estimate being thirty-five miles

per hour. There was sufficient testimony for the jury to find that appellant was negligent in the operation of its street car.

In its answer appellant plead contributory negligence of the respondent, and by appropriate motions this defense was presented to the trial court as a bar to respondent's recovery.

In our opinion, the case falls well within the law as defined by several of our decisions. In the case of *Benedict v. Hines,* 110 Wash. 338, 188 Pac. 512, we said:

"Upon appellants' contention, the controlling question in this case is, whether the evidence shows contributory negligence, as a matter of law. A traveler on a public highway approaching a railway crossing cannot impose upon the railway company all the caution needed to prevent accidents. With knowledge that the railway company has the right of way and cannot so readily stop its trains, the well settled rule imposes upon the traveler the duty to use all means a reasonably prudent person would, under the existing circumstances, to avoid a collision."

We consider the following from *Herrett v. Puget Sound Tr., L. & P. Co.,* 103 Wash. 101, 173 Pac. 1024, applicable to the facts in this case:

"Must not all say that the appellant either did not look for the approaching car, or his mind was so intent upon other things that the fact of its approach, physically open and apparent as it was and must have been, made no impression upon him? . . . A driver of an automobile may not deliberately drive upon the street car track which is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing if he had looked; or that he was giving his attention to his machine, when common prudence demanded that he give some part of his attention to his own safety.

"We think all of the testimony in this case, coupled with the physical facts which cannot be denied, bring

it strictly within the rule as to contributory negligence laid down by this court. . . ."

And we there cite many of our previous cases upon similar facts.

In this case respondent, by his own testimony, never stopped his car, although he was going at a very slow speed and could have done so easily. We are forced to the conclusion that respondent either did not look, or, if he did look, he did not have his mind upon the duty which was then upon him to observe the approaching street car, and as we said in *Mouso v. Bellingham & Northern R. Co.*, 106 Wash. 299, 179 Pac. 848:

"While this court has often held that the question of contributory negligence would not be taken from the jury and decided as a matter of law unless the commission or omission of the facts as shown were so palpably negligent as to preclude the possibility that reasonable men might differ concerning them, yet, in a case like this, where the physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ."

Upon the oral argument, the doctrine of last clear chance was suggested by counsel for respondent, but we think it can have no application here, as it is undisputed that the street car was stopped as soon as possible after respondent started to cross its track.

The judgment is reversed, with directions to dismiss the action.

PARKER, C. J., MITCHELL, MAIN, MACKINTOSH, BRIDGES, and TOLMAN, JJ., concur.