Maih, J.
 

 This action was brought by the administratrix of the estate of Henry D. Welch, deceased, claiming that his death was caused by the negligence of the defendants. The trial resulted in a verdict in favor of the plaintiff in the sum of $1,500. The defendants moved for a judgment notwithstanding the verdict and for a new trial, both of which were overruled, and from the judgment entered upon the verdict, defendant O. M. Auseth appeals.
 

 The appellant O. M. Auseth and Mrs. E. F. Jones were engaged in the undertaking business in the city of Everett under the firm name of the Auseth Funeral Home. On or about October 12, 1927, in the course of their business, they conducted a funeral in What-com county some distance to the north of the city of Everett. Mr. Auseth drove the hearse to the funeral, and returned, and Mr. Welch, the deceased, rode with him therein as a guest. In the evening, as they were returning, at about 6:30 p. m., the accident which caused the death of Mr. Welch occurred at a right-angle turn in the highway a short distance south of the city of Arlington. The road was paved. It was raining lightly at the time, and the pavement was wet and slippery. About three hundred feet to the north of the turn, was a warning sign. The turn was not exactly a right-angle turn, but had a slight curve. and was described by Mr. Auseth as a “bad corner.” The hearse, as it rounded the curve, left the pavement and turned over. As the hearse approached the turn, there was proceeding from the west toward the same corner a Chevrolet automobile driven by Peter Boivin. He saw the hearse approaching the turn, and, believing that it was traveling too fast to round the corner,
 
 *652
 
 turned the automobile which he was driving to the right off the pavement, and was in the act of stopping when the front end of the Chevrolet collided with the top of the cab of the hearse. Whether the hearse fell on the radiator of the Chevrolet, or whether the Chevrolet, just before it stopped, ran into the top of the cab, is not exactly clear and is not material. Mr. Welch was in the cab with Mr. Auseth, and sustained the injuries from which he died.
 

 There was evidence from which the jury had a right to infer that the hearse approached the curve at a speed of forty miles an hour. The driver of the Chevrolet automobile did not fix its speed, but said that he saw it approaching and believed that it was going at a speed which would not enable it to make the turn, and, for that reason, he turned the Chevrolet off the pavement in order to avoid a collision. Mr. Auseth was familiar with the road, knew of the turn, and, as he approached it on the evening in question, saw the warning sign. He, of course, testified that he was going at a much less speed than the jury had a right to find that he was traveling from the other testimony in the case.
 

 The question here for determination is whether the evidence was such as to sustain the verdict of the jury. The deceased being a guest, the evidence must be such that the jury had a right to find gross negligence. At the opening of the trial, the appellant moved for judgment on the pleadings because it was claimed that the complaint did not show gross negligence. This motion was overruled, and thereafter the testimony went in without objection, and whether the complaint stated a cause of action is not now material, because, if it failed to state a cause of action, it would be considered amended to conform to the proof.
 

 
 *653
 
 The sole question, as indicated, is whether the evidence was such that the jury had a right to find gross negligence. From the facts above stated, it appears to us that this was a question of fact for the jury, and not a question of law for the court.
 

 The cases of
 
 Saxe v. Terry,
 
 140 Wash. 503, 250 Pac. 27, and
 
 Blood v. Austin,
 
 149 Wash. 41, 270 Pac. 103, are differentiated from this case in that in each of those cases on the turn there was gravel or small rocks, which was a condition which the driver of the automobile could not have anticipated. In the present case, there was no condition of the roadway on the turn which the driver of the hearse could not have anticipated.
 

 The judgment will be affirmed.
 

 Mitchell, C. J., Fullerton, Beals, and Holcomh, JJ., concur.