[No. 23105.   Department One.   June 30, 1931.]

WALTER ZELINSKY, *Respondent*, v. WILLIAM HOWE,
*Appellant*.[1]

*Kahin & Carmody, Wallace W. Mount,* and *Orlo B. Kellogg,* for appellant.

*J. Charles Dennis,* for respondent.

MITCHELL, J.—William Howe and two of his business associates went to southern Oregon in an automobile belonging to and driven by him. Walter Zelinsky accompanied them as a guest upon the invitation of Howe. Leaving Tacoma, they went to Portland the first day, and on the next day, at a sharp right-angle turn in the Pacific highway near Sutherlin, Oregon, Howe ran the automobile into a drainage ditch along

[1] Reported in 1 P. (2d) 294.

the roadway, injuring each of the occupants of the car. The accident occurred shortly before noon March 29. Zelinsky, who was severely hurt, brought this action against Howe to recover damages alleged to have been caused by gross negligence on the part of Howe in driving the car. The answer of the defendant denied the allegations or charge of gross negligence, and affirmatively alleged contributory negligence on the part of the plaintiff. The trial resulted in a verdict for the plaintiff. The defendant has appealed from a judgment on the verdict.

The assignments of error present the question of the sufficiency of the evidence to justify the denial of a motion for a non-suit at the close of plaintiff's case, and a motion for a directed verdict for the defendant at the close of all the evidence; and the further claim of defendant that, as a matter of law, the plaintiff was guilty of contributory negligence that barred any right of action on his part.

It was stipulated at the trial that, at the date of the accident, the statutory speed limit in Oregon was thirty-five miles an hour, and further that, by statute in Oregon, no person transported by the owner or operator of a motor vehicle as his guest, without pay, shall have a cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator, or caused by his gross negligence, or intoxication, or his reckless disregard of the rights of others. That is, in Oregon by statute, as here without it, the rule of gross negligence prevails as giving a guest a cause of action for damages for injury in case of accident. It is upon that rule the respondent brought this action.

There is very little dispute about the controlling facts in the case, which, as they would reasonably ap-

pear to a jury, were about as follows: Respondent had never ridden in an automobile with the appellant prior to this trip. He occupied the front seat with him on the first day, and it appears that on the way to Olympia the car was driven rather fast, speaking generally, and several times on good stretches of the highway it was driven at a speed of about fifty miles an hour, respondent having at one time cautioned appellant as to his speed. At or near Tumwater, the appellant, while driving at about forty-five miles an hour, ran off the highway an appreciable distance in trying to make a sharp right-hand curve; and it appears that, while going through Castle Rock, respondent warned appellant that the town marshal would get him on account of his speed.

Shortly after leaving Portland the next morning, respondent, still riding on the front seat, cautioned appellant to be careful, as there were sharp curves ahead in the highway of which he knew and, some time later, he inquired of appellant what his hurry was. Afterwards, nothing further was said upon the subject. Upon getting back into the car after stopping at a gas station, the respondent took a seat in the rear of the automobile. It appears that, for more than an hour thereafter, the car was driven at a moderate rate of speed until about the time of the accident.

Approaching the place of the accident the highway was straight, and the sharp curve to the right could be seen plainly for at least a mile. For a considerable distance to, around, and beyond the turn in the highway, there was on the left-hand side a drainage ditch, which was some five feet wide at the place the car ran into it. At the curve, there was a large red reflector warning sign; and three hundred feet from the turn, as it was being approached, there was a large yellow official road sign on the driver's side with the warning

words ''Sharp Curve'' thereon. Respondent testified that they were going on all right toward the turn until, about thirty seconds before the accident, he noticed the car gaining momentum. He further said, ''Well, I should judge that he stepped on the gas,'' and that about that time he ''noticed Mr. Howe begin to straighten up and said 'I cannot make it,' and bingo, we hit.''

Several other witnesses, some of whom lived in a house at the turn of the road or were working at a service station nearby and to the right of the curve of the highway, testified that they saw and heard the car come roaring down the highway several hundred feet distant until he ran into the ditch, one of them saying that the brakes were applied too late and just as the car plunged into the ditch. A mechanic, working on a car outside of, and at one corner of, the service station, testified that he heard the roar of the car and that

''I looked up and saw the car flash by, and of course we had to run around the other side, but before I got around to the other corner of the garage the car hit the ditch.''

Some four witnesses who were working at the place, and also the respondent and one other occupant of the car testified that the car was going sixty to sixty-five miles an hour. Indeed, no one estimated the speed at less than that other than the appellant, who, under examination by respondent's counsel, admitted that in a deposition he had testified that one hundred feet from the curve he was driving fifty-five miles an hour. Such was the testimony at the close of plaintiff's case, which remained unchanged at the close of all the testimony. Clearly, the situation of appellant in approaching the sharp turn to the right, plainly visible, with its surrounding warnings and danger signals, required the exercise of care. There was

abundant evidence that, instead of exercising care, he recklessly increased his speed and thereafter continued it at an unlawful and highly excessive rate for several hundred feet along the straight of way, until at the curve his car plunged into the ditch, or so near that instant that it was impossible for him to avert the accident. The case was, in our opinion, one for the jury. A consideration and analysis of our cases upon this subject, cited by counsel, the most of which cases were passed in review in *Gough v. Smalley,* 160 Wash. 193, 294 Pac. 1007, would serve no useful purpose here.

Nor would the trial court have been justified in taking from the jury the question of the alleged contributory negligence of the respondent and determining it against him as a matter of law. Notwithstanding he was a guest, the respondent had on appropriate occasions, and in a respectful manner, questioned the propriety of the speed at which the car was being driven at particular times, but whether sitting on the rear seat of the car and failing to protest against the conduct of his host, the driver, during the last few seconds of the unlawful and increasingly excessive rate of speed at that particular time and place, or failing to leave the automobile at any time, either one or both, constituted want of reasonable care proximately contributing to the injury, was a question of fact for the jury.

Affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.