[No. 23216.   Department Two.   October 16, 1931.]

· NINA A. CARPENTER, *as Administratrix, Respondent, v.*
ROY W. THOMAS, *Appellant.*[1]

*Robert Mulvihill,* for appellant.
*Battle, Hulbert & Helsell,* for respondent.

BEALS, J.—Plaintiff, as administratrix of the estate
of her deceased husband, Lyle D. Carpenter, brought
this action for the purpose of recovering damages on
account of the death of her husband, which, she al-
leges, was caused by the negligence of defendant in
driving his automobile, in which Mr. Carpenter was
riding as a guest, into an oncoming street car.   From

[1]Reported in 3 P. (2d) 1001.

a judgment entered in plaintiff's favor upon the verdict of a jury, defendant appeals.

Broadway, in the city of Everett, runs north and south, and carries a single track street car line, both rails lying to the west of the center of the street. Appellant, an Everett business man, who for some time had been an uncompensated special officer of the state highway patrol, was, at about eight-thirty p. m., July 31, 1930, driving his automobile south on Broadway. Appellant and Mr. Carpenter were returning to Everett from the former's summer home at Mission Beach, a short distance to the north of the city, and, just prior to the accident which resulted in Mr. Carpenter's death, appellant speeded up his car in an attempt to overtake a motorcycle, the driver of which was exceeding the speed limit.

There were several other automobiles proceeding south on Broadway, and appellant, probably to pass this traffic, about a block or so north of the point where the collision occurred, turned his car somewhat to the east, just how far is in dispute, and continued along Broadway at from forty to forty-five miles per hour. Appellant testified that he did not drive to the east of the car rails, but that he was of the opinion that he had driven along the track. The jury were justified in believing from the testimony that, during a portion of this distance, appellant's car was being driven along that portion of the street lying to the east of the car track. Appellant continued along Broadway at from forty to forty-five miles per hour, and admitted that he did not slacken his speed prior to the collision.

At this time, a street car was traveling north along Broadway, and the motorman in charge, as he testified, seeing appellant's automobile approaching on the wrong side of the street, applied his brakes, greatly decreasing the speed of his street car. The motorman

testified that, had appellant maintained his position, as fixed by the witness, on the east side of Broadway, no accident would have occurred, but that, when appellant was within one hundred feet, or a little less, of the street car, he suddenly turned his car to his right, with the result that the automobile ran head-on into the street car. As the result of the collision, Mr. Carpenter suffered injuries which resulted in his death.

Appellant assigns error upon the refusal of the trial court to grant a nonsuit; upon the denial of his motion for judgment in his favor notwithstanding the verdict; and upon the entry of the judgment against him.

Appellant, who was an experienced driver and was thoroughly familiar with the locality, testified that he saw the headlight on the street car at the distance of about a block, but that he did not know at the time whether the light was on a street car or a motor vehicle, and that he did not again look at the light. Both appellant and Mr. Carpenter were well acquainted with traffic conditions in Everett, and knew that street cars operated along the Broadway track.

Mr. Carpenter knew that appellant was a special officer of the highway patrol, and it appears that, during the pursuit of the motorcycle, Mr. Carpenter was looking out of the open window on his side of appellant's car and waving his hand to the driver of the motorcycle in an attempt to cause him to stop. The driver of the motorcycle testified that Mr. Carpenter continued to signal to him until approximately the instant of the collision.

Appellant argues that he was not guilty of gross negligence, and that Mr. Carpenter acquiesced in his conduct in chasing the motorcycle, was guilty of contributory negligence, and assumed the risk incident to the pursuit. For the purposes of this opinion, we

assume that appellant, in driving his car at a speed in excess of the limit prescribed by law, was not, for that reason alone, guilty of negligence, as he was engaged in the performance of his official duty as a highway patrolman. Appellant and deceased were friends of long standing; Mr. Carpenter had often ridden with appellant as his guest, and knew appellant's method of driving his automobile and his custom in dealing with violators of traffic regulations. Appellant argues that Mr. Carpenter was in a better position than was appellant to observe the street car, because appellant was driving, while Mr. Carpenter was riding as a passenger. Appellant, according to his own testimony, drove straight down the car track and into the street car.

There is in the record much competent testimony to the effect that appellant, prior to the collision, was driving to the east of the track, and that he, when about one hundred feet or a little less from the street car, turned the car to his right directly in front of the oncoming street car and into an immediate collision therewith. It is evident that Mr. Carpenter was endeavoring to assist appellant in stopping the driver of the motorcycle by signaling to him to stop, and that Mr. Carpenter's attention was therefore centered upon the motorcycle and not upon other traffic proceeding along Broadway. Appellant must have known that Mr. Carpenter was so engaged, and, in any event, the primary burden of avoiding traffic on the highway rested upon appellant; and we find no basis in the evidence for appellant's contention that it should be held, as matter of law, that Mr. Carpenter was guilty of contributory negligence in failing to warn appellant of the approach of the street car, or that it should be held that Mr. Carpenter assumed any such risk as that of the collision which actually occurred.

■ Appellant vigorously contends that the evidence does not support the jury's finding that he was guilty of gross negligence, and that therefore, it being clear that the relation of host and guest existed between himself and Mr. Carpenter, the verdict of the jury was not warranted by the evidence, and the judgment based thereon must be reversed. In support of this contention, appellant cites the cases of *Heiman v. Kloizner,* 139 Wash. 655, 247 Pac. 1034; *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27; *Klopfenstein v. Eads,* 143 Wash. 104, 254 Pac. 854, 256 Pac. 333; and *Blood v. Austin,* 149 Wash. 41, 270 Pac. 103; and particularly relies upon the case of *Craig v. McAtee,* 160 Wash. 337, 295 Pac. 146.

In the case last mentioned, it was held that gross negligence was not established against the driver of an automobile who momentarily took her eyes from the road in a search for her handbag, with the result that she turned her car somewhat to her right and ran into a telephone pole standing just off the pavement. The case was tried to the court sitting without a jury, and this court was therefore free to review and pass upon the evidence.

That case differs strikingly from the case at bar. In this case, appellant drove his automobile into a street car which was approaching him along the street upon which appellant was driving. Appellant was driving his car at a high rate of speed along a city street for the purpose of overtaking a speeding motorcycle. In so doing, he must be held to the exercise of even more than ordinary care in avoiding traffic. He was doing what he knew was dangerous to himself and to others. The street car was plainly visible, and in driving his car along or across the track in front of the approaching street car, appellant was clearly guilty of gross negligence. According to his own testimony that he did not drive to the east of the track, but drove along

the same, appellant was guilty, not merely of lack of attention for an instant to oncoming traffic, but of a total disregard thereof for a longer period. It does not appear that any emergency existed which might have caused appellant to think that there was some necessity for changing the direction of his automobile, the evidence being to the contrary.

We conclude that neither the cases above referred to nor other authorities cited by appellant support appellant's contention that it should be decided that, as matter of law, he was not guilty of gross negligence.

We are satisfied that, from the evidence, the jury were warranted, under the instructions of the court, upon which no error is assigned, in finding that appellant is liable to respondent in damages upon the cause of action set forth in respondent's complaint.

Judgment affirmed.

TOLMAN, C. J., PARKER, and BEELER, JJ., concur.