[No. 23103. *En Banc.* October 20, 1931.]

EARL MACDONALD *et al., Appellants,* v. A. P. BALLETTI *et al., Respondents.*[1]

*P. C. Kibbe,* for appellant.
*Ellis & Evans,* for respondent.

HOLCOMB, J.—This is a host and guest case. Two cases were consolidated for the purposes of the trial and appeal. The allegations of negligence are the same in each complaint.

The complaint alleges in each case that respondents invited appellants to ride with respondent Mrs. Balletti in her Graham Paige sedan from Centralia to Olympia, on May 8, 1929. That, after they started from Centralia, it began to rain, and after raining about twenty minutes, and when the pavement was wet and oily, at a point about six miles south of Olympia, when Mrs. Balletti was driving about thirty-five or forty miles an hour, she suddenly, without need, negligently and carelessly pushed on the brakes, and, the pavement being

[1]Reported in 4 P. (2d) 506.

wet and slippery, caused the automobile to skid and become unmanageable, and she carelessly and negligently continued to press hard on the brakes with her foot, thereby causing the automobile to run off the road and overturn. In another paragraph, it is again alleged that the brakes were suddenly applied.

The answer of respondents denies any negligence.

At the conclusion of the evidence on behalf of appellants, the trial court held that there was no evidence of any lack of slight care, or gross negligence, granted a motion for nonsuit, dismissed the jury and entered judgment for respondents.

All that the evidence tends to show to make a case on behalf of appellants, is that, when about six miles south of Olympia, in the daytime, after it had been raining about twenty minutes, although it had rained slightly the night before, also, the driver of the car, Mrs. Balletti, saw a car coming in the distance and slightly put on the brakes. Immediately, the car began to rock and skid, and she at once released the brakes and tried to straighten the car up, but it would not straighten up. The brakes were efficient. There was no evidence that the brakes were *suddenly* applied, or that the driver continued to press hard on the brakes with her foot, thereby causing the automobile to run off the road and overturn.

There is evidence, also, by a witness of appellants, that one might apply the brakes and never skid the car, and again, if the brakes were applied, the car would skid; that the proper thing to do, when the car is felt to be skidding, is to release the brakes and let the wheels roll, because a spot for one hundred or two hundred feet might be slippery and the rest be safe, so that, when the car is felt to be skidding, the proper thing to do is to release the brakes; that brakes could be released in three or four feet at a speed of thirty-

five to forty miles an hour. He further testified that nothing had ever been devised that would prevent skidding, and that the best car and the best driver will experience skids which cannot be prevented.

Appellants also testified that there was no traffic ahead that they saw, although Mrs. Balletti thought she saw a car ahead of her somewhere. Mrs. Balletti testified positively that she saw a car ahead, and for that reason slightly applied her brakes. As she was the driver of the car, and responsible not only to herself and to her own guests, but to others approaching on the highway, it was her duty to be mindful of the law of the road and the necessity of having her car under control when approaching other traffic, if the need should arise. Her testimony was positive as to that matter and that of appellants was not.

Mrs. Balletti was an experienced driver, having driven eight or nine years.

Appellants insist that there were sufficient acts of negligence to show gross negligence on the part of the hostess driver to go to the jury for their determination. To sustain this contention, appellants cite: *Heiman v. Kloizner,* 139 Wash. 655, 247 Pac. 1034; *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27; *Adair v. Newkirk,* 148 Wash. 165, 268 Pac. 153; *Trotter v. Bullock,* 148 Wash. 516, 269 Pac. 825; *Welch v. Auseth,* 156 Wash. 652, 287 Pac. 899; *Wolden v. Gardner,* 159 Wash. 665, 294 Pac. 574; *Gough v. Smalley,* 160 Wash. 193, 294 Pac. 1007; *Thompson v. Seattle,* 160 Wash. 225, 294 Pac. 979; *Todd v. Alexander,* 160 Wash. 3, 294 Pac. 545; also, the statutes, Rem. 1927 Sup., § 6362-3, prescribing that every person operating or driving a vehicle of any sort upon a public highway shall drive the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation,

taking into account the amount and character of the traffic, condition of brakes, weight of the vehicle, grade and width of highway, and condition of the surface; also, Rem. 1927 Sup., § 6362-45, providing that it shall be unlawful for any person to drive a motor vehicle in a reckless manner over and along the public highways of this state.

None of the cited cases fit this case. In *Craig v. McAtee,* 160 Wash. 337, 295 Pac. 146, a woman driver with whom invited guests were riding, while driving upon a well-traveled street in Seattle at a speed of not less than twenty-five miles an hour, took her right hand off the wheel and felt in her lap for her handbag; being somewhat startled at not finding it there, she took her eyes off the road to look for the handbag and found it had slipped off her lap, was on her right-hand side, and she put her hand down on the bag. The automobile immediately crashed into a telephone pole standing near the eastern margin of the pavement. The trial court in that case found that there was gross negligence and allowed recovery. This court reversed the trial court, holding there was no evidence of gross negligence in that case, and ordered the action dismissed. Compare *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251.

Under all the evidence produced by appellants in this case, if there was no gross negligence in the *Craig* case, there certainly was much less in this.

It is manifest that there was no evidence of gross negligence sufficient to go to the jury, and that the trial court was right in granting the nonsuit.

The judgment is therefore affirmed.

All concur.