[No. 23354. Department One. December 29, 1931.]

JOHNSON CROZIER *et al., Respondents,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

*A. C. Van Soelen, C. C. McCullough,* and *John A.
Logan,* for appellant.

*Geo. Olson* and *Leo W. Stewart,* for respondents.

MITCHELL, J.—Separate actions were brought by
Crozier, Nielson and Jenson to recover damages for
personal injuries suffered in a collision between an
automobile in which they were riding and a street car
operated by the city of Seattle. The collision occur-
red August 12, at the intersection of Woodland Park
avenue, running north and south, and north Forty-
sixth street, running east and west. The street car
was going south on a track located within eighteen
feet of the east curb on Woodland Park avenue. The
automobile was going west.

[1]Reported in 6 P. (2d) 406.

The issues, consisting of negligence and contributory negligence, were alike in all three actions. The actions were consolidated for trial, which resulted in verdicts and judgments for the plaintiffs. The city has appealed in each case. The appeals have been presented together.

■ The principal assignments of error and the chief arguments on behalf of the appellant arise upon the denial of motions for nonsuits and motions for judgments notwithstanding the verdicts. While there was a conflict in the evidence in material respects, it substantially showed, in support of the verdicts and judgments, that, on going west towards Woodland Park avenue and on reaching a point some fifty feet from the street car track, or at a point from which respondents could look up the avenue to the right, they slowed down their automobile to two or three miles an hour and looked up the avenue to their right and saw a street car coming some distance away, estimated at more than three hundred sixty feet. At that time and distance, it appeared to them to be running at a normal rate of speed.

They then looked to their left to see if there was traffic coming from the south on Woodland Park avenue, and, seeing none, they then observed in front an automobile on north Forty-sixth street approaching the intersection from the west, at which time the front wheels of the automobile in which respondents were riding were nearly upon the street car track, at which time they heard the noise of the street car to their right about fifty feet away bearing down on them without sounding any bell, horn or whistle. One of the respondents yelled "look out," but too late to avoid a collision.

All three respondents gave substantially the same account of the incident as above related. They were

corroborated in many essential particulars by other evidence, and facts and circumstances appearing on the trial. There was also abundant evidence that the street car came towards the intersection at an unusually high rate of speed, thirty to forty miles an hour, and was not brought to a stop after the collision until it had run two city blocks, caused in part, manifestly, by the street car losing a brake shoe in the street intersection.

In deciding the case, it will serve no good purpose to classify and discuss the many cases counsel have referred to in their respective arguments. Each case is largely dependent on its own peculiar facts. Probably as helpful as any of our cases are *Lung v. Washington Water Power Co.*, 144 Wash. 676, 258 Pac. 832, and *Nabours v. Seattle,* 113 Wash. 557, 194 Pac. 800, and earlier cases therein mentioned which were similar to the present cases in many essential respects, in all of which the claim of contributory negligence as a matter of law was not allowed to prevail. In this case, there was without question substantial testimony that the respondents took reasonable steps, including observations to insure their safety, to the extent, at least, that, as to each respondent, his case with respect to the charge of contributory negligence was one for the jury to decide, and not the court.

It is also assigned that the trial court erred in giving an instruction upon the doctrine of last clear chance. Counsel in this respect refer to instruction No. 7 and especially the latter portion of it. The instruction is lengthy and need not be set out, we think. Appellant misconstrues the effect of it in contending that it is at all upon the subject of the last clear chance. On the contrary, and rather clearly, the instruction was a definition of the kind and character of negligence that ''would be the proximate cause of such collision.''

The appellant makes no contention that the evidence against the city of its own negligence was not sufficient to take the case to the jury. Other nominal assignments of error require no distinctive consideration.

Judgments affirmed.

PARKER, BEELER, and HERMAN, JJ., concur.

TOLMAN, C. J. (dissenting)—The undisputed evidence, in my opinion, is such as to establish contributory negligence as a matter of law.

To say, or to permit a jury to say, that one approaching a street railroad crossing at a speed of two or three miles an hour, in broad daylight, with unobstructed view, and seeing a street car approaching while he is still fifty feet from the crossing, may proceed without further attention to the approaching car, is to place the whole burden upon the operator of the street car and to absolve the automobile driver from the duty of exercising any care or attention on his part.

Under such circumstances, reasonable minds must agree that a duty rests upon each to observe the approach of the other, and to exercise reasonable care to avoid a collision.

I therefore dissent.