[No. 24273. Department One. April 25, 1933.]

LARRY LOTHSPEICH, *Respondent*, v. R. H. MORRELL et al., *Appellants*.[1]

*Randall & Danskin* and *Hanna, Wilkinson & Evans*, for appellants.

*W. L. LaFollette, Jr.,* for respondent.

MITCHELL, J.—Plaintiff, Larry Lothspeich, while riding as a guest of the defendant R. H. Morrell in the latter's automobile, was injured, about dark one evening, in a collision between the automobile and a loaded truck operated by persons named Darnold and Richards, on a highway in Whitman county. A verdict was returned against Morrell and wife, and also against Darnold and Richards. Morrell and his wife moved for a judgment notwithstanding the verdict and for a new trial, both of which were denied. Morrell and his wife have appealed from a judgment on the verdict.

The assignments of error present only the questions of gross negligence charged against the appellants,

[1]Reported in 21 P. (2d) 287.

and appellants' charge of contributory negligence against the respondent. In his brief, respondent admits his "contention that appellant R. H. Morrell was guilty of gross negligence in driving through the dense dust at forty miles or more per hour."

Darnold and Richards, using a Ford platform truck and a two wheel trailer, were carrying away old weatherbeaten telephone poles that had been cut along the roadway. Having loaded a number of them on the truck and trailer, they drove northerly along their side of the roadway. Their motor quit working. The truck drifted a few feet and stopped with its right wheels off the main traveled portion of the road, the poles extending somewhat diagonally across the road, from six to ten feet back of the trailer, and overhanging the wheels of the trailer about six inches on each side. No red light or signal of any kind was provided or used on or about the rear of the truck, the trailer, or the ends of the poles; nor was there any danger signal put out along the road ahead of, or at the rear of, the truck upon its stopping. Darnold and Richards busied themselves repairing the truck.

An automobile, driven south at what was spoken of as about the usual speed of forty miles an hour, passed the stalled truck, causing dust to rise along the roadway. After that automobile had reached a point about one hundred fifty to two hundred fifty feet south of the truck, appellants' car, going north, met it. All the witnesses other than the respondent put the speed of appellants' car under the speed limit of forty miles, while the respondent estimated it at about that or a little more. Appellants' automobile was in good condition. Its headlights were burning, and its four-wheel brakes were in good working order. Mr. Morrell sat on the left, a young lady in the center, and the respondent on the right, all in the front seat of the auto-

mobile. The testimony is without dispute that R. H. Morrell was carefully observing the road, and that when, forty to fifty feet away from the loaded truck, he first observed the cab on the front end of the truck, he swerved his car to the left, but not in time to prevent one of the telephone poles, evidently sticking further out into the roadway than did the cab of the truck, from striking the right corner post of appellants' car, causing the injuries complained of by the respondent.

Respondent does not suggest anything that appellant R. H. Morrell should have done or left undone to have escaped the charge of gross negligence, other than the one charge in his complaint of driving the automobile at "a dangerous and unsafe speed of from forty to fifty miles an hour." As a witness at the trial, he admitted that most people in the country there drove faster than R. H. Morrell did on this occasion.

We have uniformly held that the violation of a positive law is negligence, but the test in this case is gross negligence. The jury was instructed that it was not sufficient for respondent to show that the appellant R. H. Morrell was guilty of negligence,

" . . . but he must go further and show that the defendant [appellant] operated the automobile in a reckless manner, and mere violation of speed laws, or mere failure to have the car under control, while it might be prima facie evidence of ordinary negligence, would not of itself be recklessness, and unless you find from the evidence in this case that the said defendant, R. H. Morrell, failed to use that slight degree of care, the absence of which indicates a heedless and reckless disregard of the rights of others, the plaintiff [respondent] cannot recover . . . "

The jury was further instructed:

"Even though you find from the evidence in this case that the vision of the defendant R. H. Morrell was temporarily obstructed by the cloud of dust or

other atmospheric condition shortly before the collision, you are instructed that the law does not impose upon the defendant the duty to stop his automobile or to drive at such a rate of speed as to enable him to stop within the distance disclosed to his view by his own headlights.''

These instructions were quite acceptable to the respondent at the trial.

■ Respondent testified that he was watching the road himself; that·he did not see the truck until appellant's car was within thirty-five feet of it, and that he did not then see the poles; that, before he saw the truck, appellant R. H. Morrell had started to swerve his automobile to the left; and that, evidently, as he testified, R. H. Morrell saw the truck before the respondent did; that is, when he was as well or better situated to see obstructions on that side, and while engaged in watching, he was less vigilant than another whom he charges with the lack of slight care and recklessness concerning the same matter. The testimony shows without dispute that they could see the shoulder on the side of the main traveled portion of the road, as well as other portions of the roadway.

It appears that, during an appreciable length of time, including that just preceding the collision, the respondent, assumed to be a prudent, reasonable person, spoke not one word, nor made the slightest suggestion of protest, warning, advice or concern for their safety or the manner in which the automobile was being driven. Indeed, during the whole drive, as things happened at the time, as the testimony at the trial showed, nothing was said or done by any one of the three friends to indicate the slightest uneasiness or alarm.

This case does not, in our opinion, measure up to the test of gross negligence. It is controlled by the

rule announced in our former cases. *Heiman v. Kloiz-ner,* 139 Wash. 655, 247 Pac. 1034; *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27; *Klopfenstein v. Eads,* 143 Wash. 104, 254 Pac. 854, 256 Pac. 333; *Blood v. Austin,* 149 Wash. 41, 270 Pac. 103; *Dailey v. Phoenix Invest-ment Co.,* 155 Wash. 597, 285 Pac. 657; *Craig v. Mc-Atee,* 160 Wash. 337, 295 Pac. 146; *MacDonald v. Bal-letti,* 164 Wash. 595, 4 P. (2d) 506. In each of those cases, it was held that the plaintiff—a guest—was not entitled to recover. The doctrine of those cases applied to this requires that it be held, as a matter of law, that the respondent is not entitled to recover in this case. Appellants' motion for judgment notwithstanding the verdict should have been granted.

The judgment is reversed as to Mr. and Mrs. Morrell, and the cause is remanded with directions to the superior court to dismiss the action as to them.

BEALS, C. J., HOLCOMB, and MILLARD, JJ., concur.