[No. 24550. Department Two. July 17, 1933.]

WILLIAM P. DYE et al., Appellants, v. THE CITY OF SEATTLE et al., Respondents.[1]

[1]Reported in 24 P. (2d) 67.

516

*Colvin & Rhodes,* for appellants.

*A. C. Van Soelen* and *C. C. McCullough,* for respondent city of Seattle.

*Preston, Thorgrimson & Turner* and *Wettrick, Wettrick & Flood,* for respondents DeMars *et al.*

BLAKE, J.—The plaintiff Laura Dye, while riding as a guest in an automobile owned by the defendants DeMars, sustained injuries when the machine collided with a street car owned and operated by the defendant city. She brought this action, charging that the col-

lision was the result of negligence on the part of the motorman and gross negligence on the part of defendant John B. DeMars, who was driving the automobile.

At the close of plaintiff's case, the court granted a motion for nonsuit interposed by defendant city, and entered a judgment of dismissal thereon. The case proceeded as against the defendants DeMars, and was submitted to the jury, which returned a verdict for the plaintiff. The defendants DeMars interposed motions for judgment notwithstanding the verdict and for a new trial. The motion for judgment notwithstanding the verdict was granted, and the motion for new trial denied. The plaintiff appeals from the judgment dismissing the cause of action against the city, and from the judgment notwithstanding the verdict granted in favor of the defendants DeMars.

The appellants' testimony was to the following effect: The collision occurred about eight o'clock in the evening of June 11, 1931, when it was yet daylight, at the intersection of Harrison street and Fifth avenue north. Mrs. Dye got in the front seat of the DeMars car at First avenue north and Harrison street. DeMars drove east on Harrison street, past the Civic Auditorium and the Arena. There were many people in the street going to a baseball game. In the block between Second and Third avenues north, Mrs. Dye protested to DeMars that he was driving too fast; at Third avenue, she noticed the speedometer, and it then registered twenty miles per hour; and, notwithstanding her protest, DeMars increased his speed until he was going between thirty and forty miles an hour in the block between Fourth and Fifth avenues, which speed he maintained until the collision occurred. She testified that she continued to protest against the excessive speed, but DeMars gave no heed.

The view south on Fifth avenue was obstructed by

a building on the southwest corner. When they were about twenty feet west of the west curb line of Fifth avenue, Mrs. Dye saw a street car approaching from the south. The street car was about twenty feet south of the south curb line of Harrison street. In other words, the two vehicles were approximately the same distance from the center of the intersection. There was evidence that DeMars did not see the street car until just before the moment of impact. Mrs. Dye screamed, and a moment later the street car struck the automobile broadside, carrying it some fifty feet north of the north curb line of Harrison street.

■ It must be borne in mind that this case was tried to a jury, and we are concerned only with the question as to whether the appellant made out a case of negligence against the city and of gross negligence against DeMars sufficient to go to the jury. The question must be determined from the evidence favorable to. appellant. *Goldsby v. Seattle,* 115 Wash. 566, 197 Pac. 787; *Crozier v. Seattle,* 166 Wash. 107, 6 P. (2d) 406.

■ The respondents contend, however, that Mrs. Dye was guilty of contributory negligence, as a matter of law. We do not think this contention is entitled to serious consideration. She protested the speed at which DeMars was driving. This was all she could do under the circumstances. She had no opportunity to get out. Clearly, she was not guilty of contributory negligence, as a matter of law. *Zelinsky v. Howe,* 163 Wash. 277, 1 P. (2d) 294; *Alexiou v. Nockas,* 171 Wash. 369, 17 P. (2d) 911.

■ The respondent city contends that there is no proof of negligence on the part of the motorman, and cites numerous cases that a fleeting glance at a moving vehicle forms no basis for an estimate of its speed. But there is more than that here. While appellant,

from the glance she had of the street car, perhaps could not accurately estimate its speed, she could, with a reasonable degree of accuracy, estimate its distance from the corner in relation to the car in which she was riding. She could also estimate the speed of the automobile with sufficient accuracy to make that a question for the jury. She testified that the automobile was traveling between thirty and forty miles an hour, and that, when she first observed the street car, it was approximately the same distance from the intersection as the automobile. They arrived at the same instant. The event would seem to reasonably justify the inference that the street car, too, was traveling between thirty and forty miles per hour. Such speed was greatly in excess of the limit prescribed by law, and constituted negligence. *Cooley v. Tacoma Ry. & P. Co.*, 120 Wash. 452, 207 Pac. 608; *Lung v. Washington Water Power Co.*, 144 Wash. 676, 258 Pac. 832. The court erred in granting the respondent city's motion for nonsuit.

It is contended by the respondents DeMars that the proof falls short of proving gross negligence on the part of John B. DeMars. If we understand the argument, it comes to this: that excessive speed in itself does not amount to gross negligence, if the driver in all other respects is exercising care. In other words, no matter how grossly excessive the speed may be, the driver exercises "slight care" if he keeps his hands on the wheel, goes straight ahead and does not lock the brakes and skid the car. This argument is predicated on a misconception of the definition of "gross negligence" as a failure to exercise "slight care." A driver cannot absolve himself of the charge of gross negligence by saying that he did all that could be done to extricate himself and

guest from a situation of peril brought about by his own wantonly reckless conduct.

No hard and fast rule can be laid down by which gross negligence can be measured in all cases. Like reasonable care, it is easy to define in the abstract. But to say when it is present or absent, we must look primarily to the facts and circumstances of the particular case.

Taking the facts and circumstances as shown by the evidence most favorable to appellant, she made a case of gross negligence for the jury. We are not prepared to say, as a matter of law, that one who drives at a rate in excess of thirty miles an hour through a city street, under the conditions of traffic shown here, and onto a street car track at a blind corner, is not guilty of gross negligence.

Respondents DeMars contend that, in any event, they are entitled to a new trial because of the giving of certain instructions and the refusal to give certain requested instructions.

The court in one instruction quoted subdivision (a) and subdivision (b 1-2) of § 6362-3, Rem. Rev. Stat., and then said, in substance, that a violation of the provisions quoted would constitute negligence; and that, if the jury found that the violation of such provisions amounted to gross negligence, which proximately caused Mrs. Dye's injuries, then the verdict should be for plaintiff. It is urged that the instruction is not so qualified as to permit the jury to absolve DeMars, if he exercised "slight care" in other respects. We do not think the instruction is subject to such criticism. What the jury were called upon to determine was whether DeMars was guilty of gross negligence in the particulars charged, and, if so, whether appellant's injuries were the proximate result thereof. The court, in another instruction, correctly

defined "gross negligence." The issue was clearly submitted.

The third requested instruction of respondents, which the court refused to give, contained a definition of gross negligence, followed by a charge that, unless the jury found DeMars guilty of gross negligence, the appellant could not recover. Requested instruction number four contained a charge that respondents could not be held for ordinary negligence, and the verdict should be for respondents, unless DeMars was found to be grossly negligent. The court, in instructions nine and ten, covered substantially the elements contained in these requests. This was sufficient, and it was not error to refuse to give the requested instructions as presented.

Respondents also requested an instruction reading as follows:

"You are instructed that if you find that the defendant John B. DeMars in the operation of his automobile was negligent in some respect or committed an error of judgment, while otherwise using some care, even though slight, he would not then be guilty of gross negligence, and your verdict in such case, so far as plaintiffs' cause of action is concerned, should be in favor of DeMars and wife."

The requested instruction was properly refused. It could tend only to confuse the issues and lay a foundation for an argument that slight care in *some* respect would absolve DeMars of the charge of gross negligence—no matter at how wantonly reckless a rate of speed he was going.

The judgment is reversed, and the cause is remanded with directions to enter judgment on the verdict against respondents DeMars, and for further proceedings against the city.

BEALS, C. J., MAIN, TOLMAN, and STEINERT, JJ., concur.