[No. 36933.    Department One.    October 22, 1964.]

GORDON L. TYLER, *Respondent,* v. NORMAN E. TYLER, *Appellant.** 

*Bayley, Fite, Westberg & Madden,* by *William J. Madden,* for appellant.

*Edwin R. Johnson,* for respondent.

*Reported in 395 P. (2d) 1021.

HUNTER, J.—Plaintiff (respondent), a guest passenger, recovered a judgment for personal injuries sustained in a one-car collision. The automobile was driven by the host, plaintiff's brother (defendant-appellant).

The accident occurred at night, one mile south of Redondo in King County as the defendant drove southerly along First Avenue en route to Tacoma. At the scene of the accident the road curves 90 degrees to the east, and also goes up a steep grade. Prior to the curve the road is level and straight, approximately 18 feet wide. The roadway was well known to the defendant, and he had traveled it many times. The posted speed is 25 miles per hour. Defendant testified that he approached the curve driving between 25 and 30 miles per hour, and then he accelerated to 35 or 40 miles per hour. He increased his speed so that it would not be necessary to shift the car into a lower gear to go up the hill. Eighty-one feet before the point of impact the wheels of the car went off the paved portion of the roadway onto the gravel. The defendant lost control of the car, failed to apply the brakes, and struck a tree, causing severe personal injuries to the plaintiff.

There was testimony of some drinking by the parties prior to the accident, but the trial judge ruled that the issue of intoxication was not in the case, and no exception was taken to this ruling. The jury found for the plaintiff. This appeal is from the judgment entered upon the verdict.

Under RCW 46.08.080 a guest passenger has only a qualified right of action against a negligent driver. In this case, the plaintiff can recover only if the defendant's operation of the automobile amounted to gross negligence; and the defendant contends there was insufficient evidence to submit this question to the jury for its determination.

An observation in *Meath v. Northern Pac. R. Co.,* 179 Wash 177, 180, 36 P. (2d) 533 (1934), is singularly applicable to the instant case: We there said:

"In a number of cases, it has been held by this court that, where *the driver of an automobile approaches a curve, knowing the condition of the roadway thereat, at such speed that he cannot make the turn, and the automo-*

*bile leaves the road, the jury may find him guilty of gross negligence. Welch v. Auseth,* 156 Wash. 652, 287 Pac. 899; *Gough v. Smalley,* 160 Wash. 193, 294 Pac. 1007; *Zelinsky v. Howe,* 163 Wash. 277, 1 P. (2d) 294. That rule would appear to be equally applicable where the driver of an automobile, with knowledge of the condition of the roadway, drives upon a rough and bumpy stretch thereof, at such speed that he loses control of the car. The principle must be the same when applied to the condition of a roadway as when applied to a curve." (Italics ours.)

In the instant case, the defendant driver was approaching a 90-degree curve. He knew of its existence, and that the posted speed was 25 miles an hour. He admitted he was traveling at a speed of 35 to 40 miles an hour, which was too fast for the curve, and that he purposely accelerated his car above the posted speed to avoid shifting into low gear. It is well within the jury's province, from this evidence, to conclude the driver was guilty of gross negligence. *Welch v. Auseth, supra.*

█ The defendant contends there was no corroboration of the alleged gross negligence of the defendant, as is required by RCW 46.08.080. The statute provides:

"No . . . guest . . . shall have cause of action . . . unless the proof of the cause of action is corroborated by competent *evidence or testimony* independent of, *or in addition to,* the testimony of the parties to the action . . ." (Italics ours.)

"Corroborating evidence" is defined as:

"Evidence supplementary to that already given and tending to strengthen or confirm it; additional evidence of a *different character to the same point.* . . ." Black's Law Dictionary (4th ed.).

See: *State v. Stewart,* 52 Wash. 61, 100 Pac. 153 (1909).

Evidence corroborating the testimony of the parties was given in this case by a state patrol officer who arrived at the scene of the accident shortly after it occurred. He related the physical evidence surrounding the accident; the posted speed, the upgrade of the hill; the 80 feet of skid marks on the shoulder of the road; and the apparent severity of the impact. He identified pictures that showed the

damage to the car, which was virtually wrapped around the tree. He also stated that the unbending of the car body was necessary to permit removal of the car, and to extricate the plaintiff who was pinned inside the car. We have said that physical facts are competent evidence for determining speed. *Knight v. Borgan,* 52 Wn. (2d) 219, 324 P. (2d) 797 (1958); *Adkisson v. Seattle,* 42 Wn. (2d) 676, 258 P. (2d) 461 (1953). This record justifies the jury in finding corroborating evidence of the defendant's gross negligence satisfying the requirement of the statute.

The defendant contends the court erred in giving instruction No. 1. This instruction was nothing more than an outline of the issues raised by the allegations on the pleadings. The defendant argues, however, that there was no evidence to support the allegations that the defendant drove at a high rate of speed, and that he failed to apply his brakes. We disagree. The officer testified that the defendant driver told him he was exceeding the speed limit, and that he was traveling "just too fast for the curve." The defendant testified that he did not remember having time to apply the brakes. The jury also was entitled to infer speed from the physical evidence.

■ The defendant assigns error to the giving of instruction No. 6, which is a recitation of RCW 46.08.080, on the ground that it places the issue of intoxication before the jury and that issue had been withdrawn from its consideration. The defendant did not raise this issue in the trial court, and we cannot consider it here. *Peterson v. King Cy.,* 45 Wn. (2d) 860, 278 P. (2d) 774 (1954). The defendant further argues that instruction No. 6 failed to make clear the necessity of having corroborating testimony, and an instruction as proposed by the defendant was necessary. The proposed instruction was incorrect. It was limited to corroborating testimony only, whereas the statute provides for corroboration by competent evidence or testimony. Counsel was able to argue his theory of the case to the jury, and further instructions were unnecessary. *Short v. Hoge,* 58 Wn. (2d) 50, 360 P. (2d) 565 (1961).

■ The defendant lastly contends that the trial court erred in refusing to give any one of several proposed instructions defining gross negligence. The defendant argues that a further explanation of the concept of gross negligence was necessary to convey properly this doctrine to the jury. The trial court defined both negligence and gross negligence, to which no exception was taken, and pointed out to the jury that a recovery could not be had for ordinary negligence. It is within the discretion of the trial court to determine how many instructions should be given regarding each litigant's theory of the case. *Short v. Hoge, supra.* The defendant was not limited in his argument to the jury on this issue, and we cannot say that the trial court was guilty of an abuse of discretion.

The judgment is affirmed.

OTT, C. J., ROSELLINI and HALE, JJ., and JAMES, J. Pro Tem., concur.

January 4, 1965. Petition for rehearing denied.