[No. 37247. Department Two. November 18, 1965.]

June A. Zarling, *as Guardian, Appellant,* v. L. J. Stumbaugh, Sr., *et al., Respondents.*\*

*William L. Williams* and *Benn R. Agor,* for appellant.

*Miracle, Treadwell & Pruzan,* for respondents.

Weaver, J.—This is an action for damages for personal injuries by an automobile passenger against the driver and his parents. The appeal brings into sharp focus the various questions of law presented by the host-guest statute, RCW 46.08.080, which provides:

> No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle

\*Reported in 408 P.2d 17.

from liability while it is being demonstrated to a prospective purchaser.

The court instructed that plaintiff could not recover unless (1) the jury found that there was payment, as defined, for plaintiff's transportation and (2) that defendant's negligence was the proximate cause of plaintiff's injury. The court excluded from the jury's consideration plaintiff's theories of the case by which a non-paying guest passenger might recover; i.e., gross negligence and willful and wanton misconduct. Intoxication is not an issue. The court dismissed the driver's parents from the action.

The jury returned a verdict for defendant and the action was dismissed.

Although plaintiff (appellant) makes nine assignments of error, which may be grouped into four categories,[1] the crux of this appeal is the trial court's refusal to submit plaintiff's requested instructions on gross negligence to the jury.

Recently, this court had occasion to examine in depth and to discuss the philosophy of the doctrine of gross negligence as it applies to the host-guest statute. *Nist v. Tudor, ante* p. 322, 407 P.2d 398 (1965) (The driver turned left in front of an oncoming truck); *Hansen v. Pauley, ante* p. 345, 407 P.2d 811 (1965) (Head-on collision); *Dole v. Goebel, ante* p. 337, 407 P.2d 807 (1965) (Car in wrong lane). It is not our purpose to change the rules so recently announced, but to lay them over the facts of the instant case and to decide whether the issue of gross negligence should have been submitted to the triers of the facts.

Five high school students were going to a school dance in Seattle in a car driven by defendant, Richard Stumbaugh. Plaintiff was sitting in the middle of the front seat; her date for the evening was to her right. They arrived at the dance early and decided to go for a ride.

---

[1]The other categories are: (a) the failure to instruct that the driver was guilty of negligence as a matter of law because he drove off the pavement; (b) the failure to instruct on wanton misconduct; and (c) the dismissal of the driver's parents from the action.

They traveled on Bothell Way, through the town of Sno-
homish as far as Sultan where they turned around and
started to retrace their route. The accident occurred about
a mile south of Snohomish on the Snohomish-Woodinville
Road, at a place where the road, extending approximately
north and south, first curves to the left and then to the
right as traffic moves south. The road, approximately 20
feet in width, is asphalt with a 3 to 4 foot shoulder of semi-
hard material. On the right side, as it curves to the left,
is a large cedar tree with which defendant's car collided.
Photographs in evidence justify the court's observation
that the tree is "practically built into the road." One wit-
ness testified that it is an old road "definitely not built for
modern automobiles." About a mile north of the tree is a
"wiggle" or warning sign, bearing the words "For One
Mile." Four hundred eighty-two feet north of the tree is
a sign "Reduce Speed Ahead" and 295 feet farther is a
sign "15 M.P.H.", the latter being 187 feet north of the tree.
Defendant testified that he saw some, but not all, of the
warning signs. He had driven this section of the road prior
to the night of the accident, as well as traversing it a short
time before in the opposite direction.

It was very dark and raining heavily as defendant ap-
proached the curve at 35 to 45 miles per hour. A photograph
taken shortly after the accident, which happened between
9:30 p.m. and 10 p.m., discloses that the asphalt road was
wet and puddles of water were standing on the shoulder
of the road.

Defendant testified that the lights of an approaching car
temporarily blinded him just before his car left the road
and that he applied the brakes about three car lengths from
the tree. Plaintiff testified that she did not see an approach-
ing car and did not recall that defendant had applied the
brakes before colliding with the tree.

The state patrolman who arrived at the scene of the
accident shortly after it happened testified that, by measure-
ment, defendant's car slid and left the road 102 feet north
of the tree; that the left wheels traveled along the shoulder

of the road with the car's right wheels in a "very slight ditch," until impact.

In *Nist v. Tudor, supra,* we amplified what we mean by the failure to exercise slight care within the meaning of the motor vehicle statutes. In that case we said that the conduct of the actor must, like ordinary negligence, be viewed relative to the foreseeable hazards of the occasion involved. We then said that gross negligence means

> gross or great negligence, that is, negligence substantially and appreciably greater than ordinary negligence. Its correlative, failure to exercise slight care, means not the total absence of care but care substantially or appreciably less than the quantum of care inhering in ordinary negligence. In determining the degree of negligence, the law must necessarily look to the hazards of the situation confronting the actor.

We have reviewed the record most carefully. We believe that the facts of the instant case are governed by the rationale of *Nist, Hansen,* and *Dole, supra,* as well as *Tyler v. Tyler,* 65 Wn.2d 102, 395 P.2d 1021 (1964), and authorities cited. It was error, therefore, not to submit an instruction on gross negligence to the jury.

Plaintiff's remaining assignments of error are not well taken.

The judgment is reversed and the case remanded for a new trial. Costs will abide final disposition of the cause.

It is so ordered.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and BARNETT, J. Pro Tem., concur.