[No. 12167.   Department Two.   January 8, 1915.]

JOHN E. OLSON, *Respondent*, v. G. A. CARLSON *et al.*,
*Appellants*.[1]

APPEAL—REVIEW—ERROR INVITED BY APPELLANT.  Appellant cannot urge as error instructions given by the trial court at appellant's request.

APPEAL—SUBSEQUENT APPEAL—LAW OF CASE.  Where, upon a prior appeal, the supreme court held that substantially the same evidence was sufficient to raise a question for the jury, it became the law of the case and conclusive.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for $11,500 for personal injuries is excessive, and should be reduced to $8,000, where it appears that the plaintiff was a young man employed as a common laborer, and had never received over $2 per day for his work; that, at the time of trial, he was engaged in light work at a wage of $45 per month; that his injuries consisted in the dislocation of several vertebrae which in healing had united and caused some stiffness in the back, that his leg had been shortened about three-fourths of an inch by reason of a broken ankle, that he was in good shape considering the injury, and that, while the condition in which he was left was permanent, it would never get worse.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 28, 1914, upon the verdict of a jury rendered in favor of the plaintiff for $11,500, in an action for personal injuries sustained by a common laborer in railroad construction work.  Reversed unless $3,500 is remitted.

*Cannon, Ferris & Swan*, for appellants.

*Robertson & Miller* and *Corkery & Corkery*, for respondent.

MOUNT, J.—This is the second appeal in this case.  At the first trial, the court granted a nonsuit upon the motion of the defendants, and dismissed the case.  Plaintiff appealed from the judgment then entered.  Upon a review of the case,

[1]Reported in 145 Pac. 237.

we concluded that the evidence was sufficient to take the case to the jury upon the principal act of negligence alleged, which was that the respondents had adopted an unsafe method for doing the work. For that reason, the case was reversed and remanded for a new trial. *Olson v. Carlson,* 74 Wash. 39, 132 Pac. 721. Upon a retrial, a verdict was rendered in favor of the plaintiff for $11,500 and costs. The defendants have now appealed from that judgment.

Upon the retrial in the court below, the plaintiff practically abandoned the allegation of negligence to the effect that an insufficient number of men were furnished by the defendants for loading the timber which caused the injury to the plaintiff. When the court came to instruct the jury, an instruction was given submitting to the jury the question of the insufficiency of the men furnished to perform the work. This instruction was given as a requested instruction by the defendants. Upon a motion for a new trial, it was argued by counsel for the defendants that the giving of this instruction was error because that issue was not then in the case. The court thereupon called counsel's attention to the fact that the instruction had been given at the request of the defendants, and counsel then stated:

"I will stipulate in the record that my exception to the court's charge may be withdrawn because if it were put in inadvertently, or otherwise, we are going to stand by it and I shall make no objection to it here now, or in the supreme court for I don't think I should. I put it in inadvertently."

It is now argued by the appellants that this instruction was error. If error, it was concededly invited, for which the case will not be reversed.

It is next argued that the evidence was insufficient to justify the verdict. The law of the case was settled upon the other appeal. The evidence upon the question whether the defendants adopted an insufficient and unsafe method for loading the timber was held, upon the other appeal, to be sufficient to go to the jury. The evidence upon this question is

substantially the same upon the last trial as it was upon the first. The decision in the other case, therefore, is decisive of the same question at this time.

It is finally argued that the verdict and judgment are excessive. We are satisfied that there is merit in this contention. The defendant himself testified that, at the time of his injury, he was earning $2 per day, out of which he was paying his board which amounted to 75 cents per day. He further testified that, immediately after the first trial in January, 1912, he went to work again for the defendants at $45 per month at light work, and that he had been earning that salary up to the time of the second trial. He further testified that his health was pretty good, except his back and his leg; that he limped and his back was lame; otherwise he enjoyed good health. One of the doctors who testified on behalf of the plaintiff stated that, while the injury was permanent, the plaintiff would never get worse; that, when the case was first tried, he was in excellent condition; that he was a strong, healthy boy and, considering the serious injury, he had gotten a good result. Another physician testified that, other than a limited motion in the back, the ankle was the principal injury; that, considering his injury, he is in good shape today; that he ought to be able to get along if he had no heavy weights to carry. Another physician testified on behalf of the plaintiff that the injury did not involve the spinal cord; that the plaintiff was able to lift probably as well as he could before the accident; that while the injury to the plaintiff was serious, dislocating three vertebrae in his back, which vertebrae in the process of healing had united and created a stiffness of the back, his principal injury was a broken ankle, which shortened his leg about three-fourths of an inch, and caused him to walk partially upon the side of his foot, resulting in what is called "flat-foot."

In the case of *Mueller v. Washington Water Power Co.*, 56 Wash. 556, 106 Pac. 476, where the injury consisted of

a shortening of one of the plaintiff's limbs, a verdict of $6,750 was held excessive and was reduced to $5,250.

In *Smith v. Hewitt-Lea Lumber Co.*, 55 Wash. 357, 104 Pac. 651, the plaintiff sustained a crushed ankle and foot resulting in permanent injury fully as much as in this case. The verdict in that case was reduced from $6,375 to $4,000.

In *Rangenier v. Seattle Elec. Co.*, 52 Wash. 401, 100 Pac. 842, where the plaintiff received an injury which resulted in the amputation of one of his legs three or four inches above the ankle, where he had an earning capacity of $200 per month, a verdict for $9,500 was held excessive, and was reduced to $6,000.

In *Luper v. Henry*, 59 Wash. 33, 109 Pac. 208, where the plaintiff was twenty-six years old, a common laborer, and received an injury to the spine which was probably permanent, we held that $3,800 was not excessive.

In *Johansen v. Pioneer Min. Co.*, 77 Wash. 421, 137 Pac. 1019, this court upheld a verdict for $18,000. But in that case the plaintiff before his injury was capable of earning $4 per day and his board and lodging. He was severely crushed and injured. He was rendered entirely helpless and incapable of ever earning anything for himself.

In *Gennaux v. Northwestern Imp. Co.*, 72 Wash. 268, 130 Pac. 495, we upheld a verdict for $18,000. But in that case the plaintiff was capable of earning on an average of $4 per day. His left leg was atrophied and almost completely paralyzed, and he was left in a "helpless and hopeless condition."

The injuries and results in the last two cases were far greater than the injuries and results to the respondent in this case. While it is difficult for this court to determine the exact amount of damages which ought to be awarded in a cause of this kind, it is at once apparent that the verdict is excessive. The earning capacity of the respondent in this case has never been greater than $45 per month. His earning capacity may be reduced to some extent. But the evidence

shows that, for at least a year prior to the last trial of the case, he had earned more than he was earning previous to his injury or at the time of his injury. While his injury may be permanent, and he may endure some suffering because thereof, he is not helpless. We are satisfied that the verdict and judgment are excessive. For this reason the cause will be remanded for a new trial unless the plaintiff, within 30 days from the filing of the remittitur in the lower court, shall remit from the judgment and verdict the sum of $3,500. If such remission is filed, the judgment will stand affirmed for $8,000.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.