[No. 21241. Department One. June 19, 1928.]

## L. C. ADAIR, *Respondent*, v. D. H. NEWKIRK *et al.,* *Appellants.*[1]

[1] NEGLIGENCE (23)—IMPUTED NEGLIGENCE—DRIVER'S NEGLIGENCE IMPUTABLE TO GUEST. Where the defendant, the owner of an automobile, invited plaintiff to ride with him to a city to attend a show, and the invitation was accepted, the relation of host and guest is established, and not that of a joint adventure, and defendant's negligence in driving is not imputable to the plaintiff.

[2] HIGHWAYS (52)—NEGLIGENCE (6)—CARE AS TO GUESTS—NEGLIGENT USE OF HIGHWAY—PASSING CARS. The evidence sustains a finding of gross negligence, rendering the driver of a car liable to guests riding with him, where it appears that, with the light of an approaching car in plain view, he attempted to pass another car ahead going in the same direction, and, attaining a speed of forty miles an hour, was unable to pass in time to avoid a collision with the approaching car.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered January 16, 1928, upon findings in favor of the plaintiff in an action for personal injuries sustained by a guest as the result of an automobile collision, tried to the court. Affirmed.

*Hayden, Langhorne & Metzger,* for appellants.

*J. E. Stewart,* for respondent.

[1]Reported in 268 Pac. 153.

Tolman, J.—The defendants have appealed from an adverse judgment in the sum of $3,000, awarded by the trial court as damages for personal injuries received by the plaintiff in an automobile accident.

No formal assignments of error are made, but from appellants' brief and argument it clearly appears that reversal is sought on two grounds.

[1]   First, it is contended that respondent was not a guest or invitee in appellants' car at the time of the accident; and second, that the appellant husband, the driver of the car, was not guilty of gross negligence such as would create a liability under the rule of *Heiman v. Kloizner,* 139 Wash. 655, 247 Pac. 1034; *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27; and *Klopfenstein v. Eads,* 143 Wash. 104, 254 Pac. 854, 256 Pac. 333.

Both questions, in the last analysis, raise only issues of fact.

The case was tried to the court sitting without a jury, and findings of fact were made which, so far as now material, are as follows:

"II.

"That on the 23rd day of April, 1927, plaintiff was riding in an automobile owned by the defendants as a marital community, which said automobile at said time was being driven by the defendant, D. H. Newkirk, in an easterly direction along the Olympic Highway from a point on said highway known as Copalis Crossing; that the said automobile was so driven and operated by said defendant in the interest and for the pleasure of the marital community; that at said time and place the plaintiff was riding in said automobile with the defendants as their invited guest and at the express invitation of the defendant, D. H. Newkirk; that in a conversation between the plaintiff and his wife and the defendant D. H. Newkirk and Mr. and Mrs. Tom Danford, in the store of the said defendant D. H. Newkirk, at Copalis Crossing in the evening of

the said 23rd day of April, 1927, the said defendant was given to understand that the plaintiff and his wife desired to go to Aberdeen for the purpose of attending a moving picture show at the D & R Theatre; that the defendants had already arranged to make a trip to Hoquiam during said evening with their friends, Mr. and Mrs. Danford; that the defendant D. H. Newkirk invited the plaintiff and his wife to ride in with them and the plaintiff and his wife accepted the said invitation, and the Newkirks, the Danfords and the Adairs started on their trip at about eight o'clock in the evening of said day; that the plaintiff's purpose was to attend the moving picture show with his wife at the D & R Theatre in Aberdeen; that the defendants and the Danfords expected to attend a show in Hoquiam; that there was no understanding as to how the plaintiff and his wife were to get from Hoquiam to Aberdeen and no arrangement had been made for the return trip to the Crossing after the show.

"III.

"That when the said automobile of the defendants had reached a point on said Olympic Highway about nine miles easterly from Copalis Crossing, and while the said automobile was proceeding toward the city of Aberdeen, Washington, the defendant, D. H. Newkirk overtook and attempted to drive his automobile past another automobile which was being driven along the said Olympic Highway in the same direction in which the car of the defendants was being driven; that at the time of such attempt to pass said overtaken automobile, another automobile was approaching said point on said highway from the opposite direction; that said approaching automobile was so close to the car of the defendants and the car which the defendants were attempting to pass that there was not sufficient room for the defendants' car to pass without coming into collision with the approaching car; that the lights of the approaching car were visible to the defendant D. H. Newkirk at the time he attempted to pass the said automobile; that notwithstanding the danger in attempting to pass the said automobile under the conditions existing, the defendant, D. H. Newkirk, in gross

disregard of the safety of the plaintiff, attempted to pass the said automobile and in doing so the hub of the left wheel of the approaching car came into collision with the rear bumper of the defendants' car just as the defendants' car was cutting in ahead of the overtaken car.

"IV.

"That as result of the said collision of the defendants' car with the approaching car, the defendants' car was thrown out of control and overturned on the highway, resulting in serious injury to the plaintiff's left hand and wrist; that by reason of said injury and as an incident thereto, the plaintiff has suffered great pain and anguish; that the plaintiff by reason of said injury, has not been able since said time to pursue his former occupation, towit: the occupation of a railway brakeman; that the said injury is more or less permanent; that the plaintiff will never have the full use of his said left hand and will not be able to use the same to any great extent for at least two years from the date of the said injury.

"V.

"That at the time of said accident the defendant, D. H. Newkirk, was driving and operating his said automobile at a rate of speed between forty and fifty miles per hour and attempted to pass the automobile which he overtook when he did not have room to pass safely on account of the nearness of the approaching car; that the approaching car was much less than two hundred yards distant from the defendant's car at the time the defendant attempted to pass the overtaken car; that in attempting to pass the said automobile under the circumstances the defendant was guilty of gross negligence and the plaintiff's injury resulted directly from such gross negligence; that by reason of the injury resulting from the defendant's said gross negligence the plaintiff has been damaged in the sum of three thousand ($3,000.00) dollars."

The evidence is practically without conflict on the first point and shows clearly that there was no common enterprise or joint venture involved. Indeed, we are

at a loss to see how the relation of host and guest could be more clearly established than was done in this case.

[2] Upon the second point, while there was some conflict in the evidence, the respondent by his own testimony, by that of his wife and the testimony of four presumably disinterested witnesses, who occupied the car which was passed, showed such a total disregard of all care and caution on the part of appellant Newkirk as to justify an even stronger finding on that subject than was made by the trial court. True, Newkirk, while admitting that he overtook and passed a car going thirty to thirty-five miles per hour, that he attained a speed of at least forty miles an hour in doing so, and that he saw the lights of the approaching car at all times, seeks to justify his act by his own testimony to the effect that the lights on the approaching car were dim and yellowish and he was thereby misled as to its nearness and was guilty only of an error of judgment. There was little, if any, corroboration of his testimony in this respect, and the trial court found against him on the facts. That finding being well supported by a preponderance of the testimony, we are content to adopt it, and with it the conclusion that Newkirk was guilty of gross negligence. In so concluding we have in mind what was said in *Heiman v. Kloizner, supra,* and approved in *Saxe v. Terry, supra,* to the effect that varying degrees of negligence or of required care cannot be differentiated with any sort of precision. The difference is not in principle, but in degree only. Therefore, where, as here, there is shown that no care whatever was exercised, in a situation obviously involving great danger, the conclusion of gross negligence follows.

The judgment is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.