[No. 22655. Department Two. January 16, 1931.]

JOHN CRAIG et al., *Respondents,* v. ANNE MCATEE et al., *Appellants.*[1]

*Shank, Belt, Fairbrook & Rode,* for appellants.
*Revelle, Simon & Coles,* for respondents.

BEALS, J.—Defendant Anne McAtee was the owner of a Dodge automobile, which she maintained for the use of herself and family; defendant Mary McAtee is a daughter of Mrs. Anne McAtee, and was, July 31, 1929, driving the Dodge north on Fourth avenue south, Seattle, approximately four blocks north of the intersec-

[1]Reported in 295 Pac. 146.

tion of Fourth avenue south with Spokane street. Plaintiffs John and Mary Craig were riding in the car as guests of Mrs. McAtee and her daughter. Fourth avenue south is a paved thoroughfare, carrying a heavy traffic, and the car was being driven close to the right hand side of the pavement. The automobile was proceeding at not less than twenty-five miles per hour, and collided with a telephone pole, standing near the east margin of the pavement. The collision resulted in injuries to each of the plaintiffs, who brought this action to recover damages on account thereof. The action was tried to the court, sitting without a jury, and resulted in a judgment in plaintiffs' favor, from which defendants appeal.

The circumstances under which the accident occurred are set forth in finding No. IV, to which appellants did not except, which finding reads as follows:

"That on or about the 31st day of July, 1929, at or about the hour of 8:00 P. M., the plaintiffs herein were riding in the said automobile belonging to the defendant Anne McAtee, and driven by the defendant Mary McAtee, in pursuance of its ordinary use for family purposes, and upon the invitation and request of the defendants and each of them; that while the plaintiffs were riding in the said automobile with the defendants and each of them, and in a northerly direction along the said Fourth Avenue South approximately four blocks north of Spokane Street, all in the city of Seattle, King county, state of Washington, the defendant Mary McAtee drove the said automobile at the extreme right hand edge of the highway on account of traffic on Fourth Avenue South at a speed of not less than twenty-five miles per hour; that while so driving, the said Mary McAtee took her right hand off the wheel and felt in her lap for her hand bag; that she was a little startled that it was not there; not finding the hand bag in her lap the said Mary McAtee thereupon took her eyes off the road to look for said hand bag and found that it had slipped off from her lap and

was on her right hand side and that she put her hand on the bag and the crash occurred immediately thereafter; that the time she had her eyes off the road was two or three times longer than it would have taken her to look down at an object and look back on the road; that while thus driving with her left hand and with her eyes off from the highway and the direction in which she was going, and while looking for her hand bag, the said defendant Mary McAtee drove said automobile at the rate of speed above mentioned into one of the said telephone poles on the east side of the said Fourth Avenue South.''

Other findings of fact and conclusions of law, to which appellants preserved exceptions, recite the injuries to respondents, and that appellant Mary McAtee in driving her car was guilty of gross negligence, thereby rendering appellants liable to respondents.

It is admitted that respondents were appellants' guests, and it follows that respondents could not recover, unless the driver of the automobile was guilty of gross negligence. *Heiman v. Kloizner,* 139 Wash. 655, 247 Pac. 1034; *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27; *Blood v. Austin,* 149 Wash. 41, 270 Pac. 103; and other decisions of this court. Appellants contend that it does not appear from the record that Miss McAtee was guilty of gross negligence, and that, therefore, the judgment appealed from must be reversed. This action having been tried to the court, sitting without a jury, we may pass upon the evidence and determine whether or not the evidence establishes, as a matter of fact, that the driver of the car was grossly negligent. *Gough v. Smalley, ante* p. 193, 294 Pac. 1007.

It is evident that Miss McAtee, when she took her right hand off the steering wheel, unconsciously with her left hand swung her car a trifle to her right, thereby driving it off the pavement and into the tele-

phone pole. Had Miss McAtee not glanced down to her side in search of her hand bag, she would undoubtedly have observed the change in the course of the automobile and corrected the same in time to avoid the accident. The finding of the trial court, above quoted, indicates that Miss McAtee's attention was distracted from the road for only an instant. This lack of attention is, in our opinion, the crucial point in the case, as it cannot be held that the temporary removal by the driver of a car of one of his hands from the steering wheel, under the circumstances disclosed by this record, of itself constitutes gross negligence, or even negligence. Manifestly, the driving of an automobile of itself requires the occasional removal of the driver's right hand from the steering wheel.

Can it be held, then, that Miss McAtee was guilty of gross negligence because she, at the time she took her right hand from the wheel, took her eyes off the road for a period "two or three times longer than it would have taken her to look down at an object and look back on the road?"

Gross negligence has been defined to be the want of even slight care. *Saxe v. Terry; Blood v. Austin, supra.* The supreme court of Wisconsin, in the case of *Bentson v. Brown,* 186 Wis. 629, 203 N. W. 380, 38 A. L. R. 1417, refers to its definition of gross negligence as "such a degree of rashness or wantonness as evinces a total want of care for the safety of others," citing *Ryan v. La Crosse City R. Co.,* 108 Wis. 122, 83 N. W. 770; and again, as "reckless and wanton disregard of the rights and safety of another or of his property, and that willingness to inflict injury, which the law deems equivalent to an intent to injure," *Willard v. Chicago & N. W. R. Co.,* 150 Wis. 234, 136 N. W. 646. The case of *Bentson v. Brown, supra,* in which these definitions are collected, was not a host and guest case,

but the definitions quoted are pertinent to the question here presented.

The supreme court of Connecticut, in the case of *Silver v. Silver,* 108 Conn. 371, 143 Atl. 240, held that the plaintiff had not shown sufficient negligence to justify a verdict in his favor under a statute of that state providing that

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." Public Acts of Connecticut, 1927, ch. 308, § 1.

In its opinion, the supreme court of Connecticut calls attention to its prior decisions, holding that the owner of an automobile who invites a guest to ride with him, was bound to exercise all reasonable care in the operation of his car, and was liable to a guest who suffered injury as a result of the host's failure to measure to this standard. The Connecticut legislature having changed the rule of liability in such cases, the court, after holding that the law was constitutional, held that the evidence did not show any liability on the part of defendant, under the provisions of the statute above referred to. Respondents argue that the law of Connecticut establishes a different measure of liability than that of gross negligence on the part of the host, but we do not think it can be said that heedlessness or reckless disregard for the rights of others establishes any rule of liability varying appreciably from that of gross negligence. In the case of *Silver v. Silver, supra,* it appeared that the defendant was driving his automobile in a line of traffic when his small son, from the

rear seat, called out, "Oh daddy, look at the horses," referring to some horses in an adjoining field. The driver turned his head to look at the animals, and drove his car into a machine which had stopped just ahead of him.

Respondent cites several decisions of this court, commencing with that in the case of *Adair v. Newkirk,* 148 Wash. 165, 268 Pac. 153. In such cases as this, it is especially true, as was stated in the course of the opinion in the case of *Heiman v. Kloizner, supra,* that "differing situations, conditions, and relations call for differing degrees of care."

We have carefully read the authorities cited by respondents, and have considered the facts here presented in the light of our prior holdings in connection with the liability of a host to his guest. After careful consideration, we are of the opinion that the facts disclosed by the record before us, considering them in the light most favorable to respondents, do not show gross negligence on the part of Miss Mary McAtee.

The judgment is accordingly reversed, with instructions to dismiss the action.

TOLMAN, C. J., MILLARD, and MITCHELL, JJ., concur.

FULLERTON, J. (dissenting)—I dissent. In my opinion the facts disclose the gravest sort of negligence on the part of the driver of the automobile.