[No. 23801. Department One. September 16, 1932.]

WILLIAM A. DAWSON, *Respondent,* v. S. A. FOSTER *et al., Defendants,* T. R. HORTON *et al., Appellants.*[1]

*Reynolds, Ballinger, Hutson & Boldt,* for appellants.

*Riddell, Brackett & Fowler,* for respondent.

MITCHELL, J.—This is a host and guest automobile accident case. It occurred in the early afternoon on a clear day, at the intersection of Woodland Park avenue and 40th street in Seattle. The avenue runs north and south, and crosses 40th street at right angles. Both streets were paved. There were double street car tracks on the avenue, the center of the avenue being between the two car tracks.

Mr. and Mrs. Horton, as hosts, were taking Mr. and Mrs. Dawson and children to the home of the former

[1]Reported in 14 P. (2d) 458.

for dinner. Mrs. Horton and Mrs. Dawson are sisters. Mr. Horton was driving his car west along the north side of 40th street. Mr. Foster, wife and children, were driving their car south along the west side of Woodland Park avenue. The cars collided in the intersection. The front part of the Horton car had gotten beyond the west side of the intersection when it was struck on its rear right fender and wheel by the front end of the Foster car.

Mr. Dawson was injured, and brought this action against the owners of both cars, complaining that his injuries were caused by the combined negligence of the drivers of the cars. The owners of the different cars appeared separately, each denying negligence on his part and charging that the negligence of the driver of the other car, only, caused plaintiff's injuries. The case was tried to a jury, which returned a verdict against Horton and his wife, only. The appeal is from a judgment on the verdict.

Gross negligence is the rule applicable in this kind of a case. *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27, was the first jury case involving that rule to reach this court. In that case, upon reviewing the authorities upon the subject of the classification of the three degrees of negligence, it was said that gross negligence is the "want of slight care." In the next jury case on this subject, *Klopfenstein v. Eads,* 143 Wash. 104, 254 Pac. 854, 256 Pac. 333, we said:

"The driver of an auto is not liable for injury to his guest, unless there has been gross negligence or wanton injury. *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27. Under the rule of that case, the appellants were required to exercise only slight care toward deceased and would be liable only for gross negligence."

The rule was followed in subsequent jury cases, such as *Blood v. Austin,* 149 Wash. 41, 270 Pac. 103; *Dailey*

*v. Phoenix Investment Co.,* 155 Wash. 597, 285 Pac. 657; *Connolly v. Derby,* 167 Wash. 286, 9 P. (2d) 93. In *Blood v. Austin,* a verdict against the plaintiff was sustained, and in each of the other four cases cited there was a decision against the plaintiff, as a matter of law, notwithstanding the verdict.

There was some conflict in the evidence in this case, but our conclusion requires us to consider it from the standpoint most favorable to the respondent, which was substantially as follows: Mr. Dawson, the respondent, testified that he had no recollection of the accident at all other than his getting into the back seat of the car. His wife, who sat by him in the car, testified she did not see the accident or know how it happened. She further said:

"There was nothing about the trip out there which impressed itself upon my mind until the accident happened. It seemed like Mr. Horton started to go pretty fast right before the accident. I thought he was trying to make a grade or something. Up to that time there was nothing in the situation that in any way impressed me, nothing in particular that aroused my anxiety or anything of that kind."

Albert Dawson, a son thirteen years of age, who was sitting on his father's lap, testified that he "was at the accident, but did not see it. It seemed like Mr. Horton's car was going about the ordinary speed." There is not a particle of testimony of any complaint or objection on the part of the respondent or of anyone in the Horton car concerning the manner in which Mr. Horton drove his car.

Mr. Foster testified that, on approaching the intersection, he slowed down to fifteen miles an hour or less and that, on reaching and entering the intersection, the left wheels of his car were out on the west street car track; that, about the time his front wheels reached

the intersection, the Horton car was about fifteen feet away from his car and was on the east car track; that, when the front wheels of his car were two or three feet in the intersection, he made a turn sharply to his right and traveled some distance while turning, and that "the front of my car struck the right rear portion of his car and that was at a time when his car was almost out of the intersection on the other side." On the witness stand Mr. Foster repeatedly declared the correctness of his report of the accident to the police department as follows:

"I was driving south on Woodland Park avenue at twenty miles per hour. The other car was out on the car tracks in the intersection on Woodland Park avenue and 40th and he was headed west across the east or northbound car tracks. He was about fifteen feet away from me at that time. The driver of the other car tried to avoid the accident by stepping on the gas and getting out of the way. I swung with him to my right to avoid him. The front end of my car struck the right rear half of the other car. My car turned completely around and turned over on its left side, facing north between the inbound or west car tracks and the curb. The other car went up on the curb on the south side of Fortieth street facing south, about ten feet from the curb on Woodland Park avenue."

The testimony of Mrs. Foster and their children, who were in the car with him, in no substantial way differed from his testimony.

Charles F. Thomas, a disinterested witness, testified that he saw the accident; that he was driving north on the east side of Woodland Park avenue; that he first noticed the Foster car coming south on the west side of the avenue at a point, as marked by him on an exhibit in the case, some ten or twelve feet north of the intersection, at which time the Horton car was "practically across the street car tracks," though in marking the point on the exhibit he placed the Horton car

slightly east of the street car track but well within the intersection; that he could not say how fast the Horton car was going, but that it was going faster than the Foster car and about twenty-five miles an hour; that it came to the avenue and "slowed up" but did not stop "and after it slowed it started ahead again and went across the street." His testimony also was that, at the time of the collision, the front part of the Horton car had passed beyond the intersection. The property at the northeast corner of the intersection was open and unimproved, across which the driver of each car saw the other car being driven toward the intersection while it was more than one hundred feet from the intersection.

Neither street was an arterial highway. An ordinance of the city provides a speed limit not exceeding fifteen miles per hour crossing street intersections and favors the driver on the right. We omit the testimony of appellant and his wife, which in important particulars is more favorable to them. At appropriate times, appellants moved for a dismissal of the case, for a directed verdict and for a judgment notwithstanding the verdict, all because of the insufficiency of the evidence to sustain any verdict or judgment against them, all of which motions were denied. These several rulings are assigned as errors.

The appellant approached the intersection in a reasonable manner, and without question his slowing up, though not coming to a stop on entering the intersection, was an act of care. Thereafter, and within a few seconds after entering the intersection, appreciably ahead of the other car, manifestly, it became apparent to the appellant that he had mistakenly estimated the speed of the two cars; whereupon, to avoid a collision, he promptly adopted, without complete success, the same line of conduct pursued by the driver of

the other car, viz: turning away and trying to get by the course of the other car.

The accident was unfortunate, not of itself proof of negligence, but under the facts and circumstances disclosed by the evidence, there was substantial proof of at least slight care on the part of the appellants as to the manner in which their car was driven, and it must be so held as a matter of law.

Reversed, with directions to dismiss the action.

TOLMAN, C. J., HERMAN, PARKER, and STEINERT, JJ., concur.