[No. 24414.    Department One.    July 12, 1933.]

VALLIE LEWIS, *Respondent,* v. JOSEPH SUSSMAN *et al., Appellants.*[1]

*Ellis & Evans,* for appellants.

*Albert E. Kaye,* for respondent.

[1]Reported in 23 P. (2d) 883.

MITCHELL, J.—This is a host and guest case, and arises out of an automobile collision. Mr. and Mrs. Joseph Sussman, their son, Leslie, and two guests, Mrs. Ann Deutsch and the plaintiff, Miss Vallie Lewis, on June 5, 1932, went from Tacoma to Seattle in an automobile belonging to Mr. and Mrs. Sussman. Returning, they left Seattle about eleven o'clock at night, the weather being clear, and Leslie, driving south along Seventeenth avenue, collided with an eastbound automobile, spoken of as the "other car," in the southerly part of the intersection of the avenue and Main street. Miss Lewis was injured, and brought this action against Mr. and Mrs. Sussman to recover damages. The case was tried without a jury. Findings of fact were filed, upon which conclusions of law and judgment were entered for plaintiff. The defendants have appealed.

The sole question presented here is whether the record shows gross negligence in the driving of appellants' car at the time of the accident. The trial court found there was gross negligence, although in some respects the evidence was conflicting. The lawful rate of speed across intersections was fifteen miles an hour. The evidence is clear that, for several blocks and intersections, appellants' car was driven steadily thirty to thirty-five miles an hour, and that, upon arriving within twenty-five to thirty feet of the intersection, Leslie and others in the car observed the other car, moving with less speed and appreciably nearer the intersection, approach from the right, running near the curb along the south side of Main street, and Leslie failed to yield the right of way to the other car, although having ample time to stop or slow up after noticing the approach of the other car.

Leslie, Mrs. Deutsch and the respondent, all about the same time, saw the headlights of the other car ap-

proach from the right. Mrs. Deutsch testified that she screamed, "because I saw that we were going to be injured if Leslie didn't stop," and that Leslie said, "I will beat him to it," at which time, she testified, Leslie put his foot on the gas and speeded up the car. This testimony was not denied. The respondent gave similar testimony to that of Mrs. Deutsch, and it was not denied. The collision occurred near the further or southerly edge of the street appellants were crossing and near the center of the street the other car was crossing. There was no other traffic in or near the intersection.

The trial court, who saw and heard the witnesses, expressed the opinion that the speed of appellants' car in crossing the intersection had been increased to forty miles an hour at the time the collision occurred. It is true that, just at the instant the collision occurred, appellants' car was turned slightly to the left, but, upon a consideration of the testimony altogether, it is clear that that was not an act of care on the part of the driver, but only a belated, momentary and instinctive effort to avoid the consequences of the driver's reckless act.

Appellants cite *Craig v. McAtee,* 160 Wash. 337, 295 Pac. 146; *Dawson v. Foster,* 169 Wash. 516, 14 P. (2d) 458; *Eubanks v. Kielsmeier,* 171 Wash. 484, 18 P. (2d) 48, which we have examined, and, in our opinion, each of them differs so much in important particulars from the present case that it is not of controlling force here.

The respondent cites and relies on a number of decisions, which, with one exception, we shall not discuss. In the case thus excepted, a number of other authorities on the subject are mentioned. We select the case of *Adair v. Newkirk,* 148 Wash. 165, 268 Pac. 153, to further speak of, because it was a host and guest case,

wherein, upon discussing a number of other cases, it concludes with a sentence announcing the rule which we think is applicable here, viz:

"Therefore, where, as here, there is shown that no care whatever was exercised, in a situation obviously involving great danger, the conclusion of gross negligence follows."

A clear preponderance of the evidence in this case supports the trial court's finding that the driver of appellants' car was guilty of acts constituting gross negligence.

Affirmed.

MAIN, HOLCOMB, MILLARD, and BLAKE, JJ., concur.