[No. 24487. *En Banc.* October 26, 1933.]

HELEN DEVEREAUX, *Appellant,* v. GEORGE W. BLAN-
CHARD *et al., Respondents.*[1]

*Padden & Moriarty,* for appellant.

*Vanderveer & Bassett,* for respondents Davis.

*Reynolds, Ballinger, Hutson & Boldt,* for respond-
ents Blanchard.

[1]Reported in 26 P. (2d) 82.

674

BLAKE, J.—Plaintiff brought this action to recover damages for personal injuries sustained in a collision of automobiles owned by defendants Blanchard and Davis, respectively. Plaintiff was a guest in the Blanchard car, which was being driven by Mr. Blanchard. Mrs. Davis was driving their car. At the close of plaintiff's case, the court sustained a challenge to the sufficiency of the evidence, interposed by defendants Blanchard. The trial proceeded as against defendants Davis, and resulted in a verdict in their favor. From a judgment entered in favor of the defendants, plaintiff appeals.

The collision occurred within the limits of the town of Bothell, on the old Seattle-Everett highway. For some distance both ways from the point of collision, the highway is described as a "winding road." The Blanchard car was going north; the Davis car south. For some distance prior to the collision, the Blanchard car had been following a Carnation milk truck and trailer, the dimensions of which were thirty-five feet in length, seven feet eleven inches wide, and twelve feet six inches high. The truck was maintaining a speed of twenty-five miles per hour. At various points in the road, Blanchard had started, or attempted, to pass the truck, but had been prevented by on-coming cars. Finally, after rounding a curve in the road, he pulled out from behind the truck and started to pass. Seeing the Davis car approaching, and concluding that he could not get around the truck in time to avoid a collision, he slowed down, with the intention of dropping behind the truck again. Unable to do this, he then attempted to turn entirely off the road to his left. He got the front part of his car clear of the pavement, but the rear part was struck broadside by the Davis car. The Blanchard car, still facing north, came to a stop against a telephone pole some fifteen feet

west of the pavement. The Davis car came to a stop on the pavement, and was still headed south.

The appellant makes ten assignments of error, which will be discussed under two heads: (1) Error in sustaining the challenge of respondents Blanchard to the sufficiency of the evidence; and (2) error in giving certain instructions in submitting to the jury the case against respondents Davis.

■ ■ The trial court granted Blanchard's challenge to the sufficiency of the evidence on the authority of *Dawson v. Foster,* 169 Wash. 516, 14 P. (2d) 458, wherein "gross negligence" is defined as "want of slight care." The facts of that case are not apposite. We have had occasion recently to point out that a driver of an automobile may not exculpate himself of the charge of gross negligence, as a matter of law, by showing that he did everything possible to extricate himself from a position of peril which was created by his own wantonly reckless conduct. *Lewis v. Sussman,* 173 Wash. 480, 23 P. (2d) 883; *Dye v. Seattle,* 173 Wash. 515, 24 P. (2d) 67. Where the driver of an automobile, in attempting to overtake and pass a vehicle going in the same direction, collides with an oncoming car, the question of gross negligence is for the triers of fact. *Adair v. Newkirk,* 148 Wash. 165, 268 Pac. 153. When a driver makes such an attempt, it is "Hobson's choice." He assumes the responsibility for the perilous situation which may be created. While the drivers of the overtaken and oncoming cars may, conceivably, be guilty of negligence which may contribute to injury, the driver of the overtaking car cannot escape his own responsibility, as a matter of law, by showing negligence on their part or by showing that he exercised "slight care" by attempting to escape from his position of peril. We think the trial

court erred in sustaining Blanchards' challenge to the sufficiency of the evidence.

■ ■ Appellant's assignment of error as to the judgment in favor of respondents Davis relate solely to instructions given by the court. It is first complained that, in instructing on contributory negligence, the court failed to qualify the instruction by saying that such negligence must contribute to the injury "in some material or appreciable degree." Counsel for appellant consented to the giving of an instruction on contributory negligence, and the particular instruction given was submitted to him before the instructions were read to the jury. He made no complaint of the instruction until after the jury had retired. We regard the giving of the instruction as "invited error," of which appellant may not now complain. *Davidson Fruit Co. v. Produce Distributors Co.*, 74 Wash. 551, 134 Pac. 510; *Olson v. Carlson*, 83 Wash. 415, 145 Pac. 237, L. R. A. 1915F, 13; *State v. Wingard*, 92 Wash. 219, 158 Pac. 725.

■ In another instruction, the court quoted subdivisions (1) and (2) of Rem. Rev. Stat., § 6362-41, relating to the duties of drivers meeting and *overtaking* other vehicles, and then stated that a violation of such provisions would constitute negligence, as a matter of law, and the offending party would be liable in damages to anyone injured as a result of such violation. Appellant contends that, since the Blanchards had been dismissed from the case, this instruction presented an issue foreign to the controversy between appellant and respondents Davis. The instruction, standing alone, is possibly susceptible of such construction, but the court, in other instructions, made it clear that negligence on the part of Blanchard would not absolve the respondents Davis from liability, if, in fact, Mrs.

Davis was guilty of negligence. We do not think the instruction could have possibly been prejudicial. For, notwithstanding the court had absolved Blanchard of the charge of gross negligence, the issue as to whose negligence caused the collision was a pertinent issue as between appellant and the respondents Davis. With or without the instruction, the jury must have considered whether the collision was due solely to the negligence of Blanchard, or the negligence of Mrs. Davis, or the negligence of both. They were clearly instructed that, in the two latter contingencies, appellant would be entitled to recover, regardless of negligence on the part of Blanchard.

In instructions 10 and 19, the court, in substance, told the jury that Mrs. Davis had a right to assume, until she knew or should have known the contrary, that Blanchard would observe the rules of the road, and that she would not be guilty of negligence if she failed to anticipate that he would not. Appellant complains that these instructions contain comments on the evidence, and that the right of assumption on the part of Mrs. Davis was not properly qualified, under the rule of *Heg v. Mullen,* 115 Wash. 252, 197 Pac. 51. We do not find the instructions subject to either criticism.

Exceptions were taken to other instructions given by the court, putting on appellant the burden of proving all the material allegations of the complaint denied by the answer, and limiting the jury to the consideration of charges of negligence set out in the complaint. Under the issues and evidence, we find no error in these instructions. On the contrary, the instructions, taken as a whole, fully and fairly defined the law applicable to the issues and the evidence.

The judgment as to respondents Davis is affirmed. As to respondents Blanchard, the judgment is re-

versed, and the cause remanded, with directions to grant a new trial.

BEALS, C. J., MAIN, MITCHELL, TOLMAN, GERAGHTY, HOLCOMB, and MILLARD, JJ., concur.

STEINERT, J. (concurring specially)—I concur with the majority in all that is said with respect to the case against Davis. I also concur with the majority in the result reached in the case against Blanchard. However, the majority opinion uses certain language which, I think, announces an incorrect rule of law, and with which I do not agree. The opinion says that, when the driver of an automobile makes an attempt to overtake and pass a vehicle going in the same direction, the attempt is "Hobson's choice," and the overtaking driver "assumes the responsibility for the perilous situation which may be created."

I do not know whether, by "Hobson's choice," reference is meant to be had to Thomas Hobson, the livery-stable keeper of Cambridge who required his customers to take the horse nearest the door, or else none; or whether reference is had to the exploit of the American naval hero, Richmond Pearson Hobson. But, whatever is meant by the expression, it is not an absolute rule for the measurement of the duties and liabilities of drivers upon the highway.

The driver of an overtaking and passing automobile does not, under all circumstances, assume the responsibility of the consequences of a collision. The particular facts may, in a given case, demonstrate his negligence, for which he would be liable. Under other states of facts, however, he might be wholly exonerated. Usually, it would be a question of fact for the jury; sometimes, where there was no conflict in the evidence, it might be a question of law. But the statement in the majority opinion rests upon the proposi-

tion that, if a driver attempts to pass a moving vehicle going in the same direction and a collision occurs, no matter what the occasion or circumstances may be, he becomes *ipso facto* guilty of negligence. I can not assent to that proposition.