[No. 24734. Department One. March 29, 1934.]

JESSIE PITSCHMAN et al., *Respondents,* v. N. P. OMAN et al., *Appellants,* G. W. EMERTON et al., *Defendants.*[1]

[1]Reported in 30 P. (2d) 945.

*Roberts, Skeel & Holman* and *W. R. McKelvy*, for appellants.

*Bert A. Northrop*, for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that there was no liability as to the defendants G. W. Emerton and wife, but that recovery could be had against the defendants N. P. Oman and wife in the sum of seventeen hundred dollars. Judgment was entered dismissing the case as to Emerton and wife and entering a judgment against Oman and wife in the sum mentioned, from which they appeal.

The accident out of which the litigation arose happened June 8, 1931, at about five o'clock p. m., at the intersection of West 72nd street and 32nd avenue northwest, in the city of Seattle. Seventy-second street extends east and west, and 32nd avenue north and south and is an arterial street. At the northeast corner of the intersection on 72nd street, there is a stop sign. At the southeast corner, there is a bank which was overgrown with grass. The appellants, N. P. Oman and wife, were proceeding west on 72nd street in a Willys-Knight automobile, driven by Mr. Oman; Mrs. Oman riding in the front seat with him. In the back seat was the respondent Jessie Pitschman and another lady. At the same time, G. W. Emerton and wife were approaching from the south on 32nd avenue in an Essex roadster.

As the respective automobiles approached the intersection, they were proceeding at about the same rate

of speed, twenty or twenty-five miles per hour. As they crossed the intersection, and when the Willys-Knight was almost to the center thereof, it was struck on the left rear by the front of the Essex, and Mrs. Pitschman suffered the injuries for which recovery was sought.

The relation between the appellants and Mrs. Pitschman was that of host and guest, and the question here for determination is whether the driver of the Willys-Knight automobile was guilty of gross negligence.

In a number of cases, gross negligence has been defined as the want of slight care. *Saxe v. Terry*, 140 Wash. 503, 250 Pac. 27; *Klopfenstein v. Eads*, 143 Wash. 104, 254 Pac. 854, 256 Pac. 333; *Craig v. McAtee*, 160 Wash. 337, 295 Pac. 146. The case having been tried to the court without a jury, in considering the question as to whether there was gross negligence, we must pass upon the evidence and determine whether it establishes, as a matter of fact, that the driver of the Willys-Knight was guilty of that degree of negligence. *Gough v. Smalley*, 160 Wash. 193, 294 Pac. 1007; *Craig v. McAtee*, 160 Wash. 337, 295 Pac. 146.

The trial court found that the Willys-Knight did not stop prior to entering the intersection, although it was slowed down to some extent. Mr. and Mrs. Oman testified that there was a complete stop. All the other witnesses, who had seen the automobiles approaching, testified that the Willys-Knight slowed down. The respondent Mrs. Pitschman, in part, testified as follows:

"Q. In the suit that you referred to you say that he stopped before he entered the arterial highway and then started up very slowly, isn't that correct? A. I said he slowed down. Q. Didn't you say in this statement that he stopped, the original statement you signed? A. Well now, listen and I will tell you what I mean by that. To me he stopped. But the question

was put to me, Did his wheels stand still? I said I couldn't testify to that. Q. For all intents and purposes he came to a stop, but may not have stood still? A. Yes, that is what I meant by it."

At the time the cars collided in the intersection, there was room for the Essex car to have passed between the rear of the Willys-Knight and the curb. The question then is reduced to whether the slowing down of the Willys-Knight, before it entered the intersection, was the exercise of slight care. Due to the bank at the southeast corner of the intersection, the driver of neither car saw the other as they approached. The Willys-Knight approached the intersection at a reasonable and lawful rate of speed, and the slowing down, even though it did not stop before entering, was an act of care. *Dawson v. Foster,* 169 Wash. 516, 14 P. (2d) 458.

Whether the driver of the Willys-Knight was guilty of ordinary negligence in entering the intersection without seeing and yielding the right-of-way to the approaching Essex is a question which is not before us upon this appeal, and upon which we express no opinion. Neither do we express any opinion upon the question of whether the evidence would have sustained the charge of gross negligence had the case been tried to a jury.

As sustaining the judgment, the respondents call special attention to the cases of *Eubanks v. Kielsmeir,* 171 Wash. 484, 18 P. (2d) 48; *Lewis v. Sussman,* 173 Wash. 480, 23 P. (2d) 883, and *Dye v. Seattle,* 173 Wash. 515, 24 P. (2d) 67. The *Eubanks* and *Dye* cases were each tried to a jury, and in the former it was held that there was no gross negligence, as a matter of law. In the latter, it was held that the question was one for the jury. Neither of those cases supports the respondents' contention.

The *Lewis* case was tried to the court without a jury, and a recovery was sustained on the ground of gross negligence; but in that case the facts are very different from those here presented. There, the driver who was at fault, seeing the other car approaching the intersection, made the statement: ''I will beat him to it,'' and there was no evidence of the exercise of slight care.

There is no hard and fast rule by which gross negligence can be measured in all cases. It is easy to define in the abstract, but whether it exists in a particular case must depend upon the facts and circumstances of that case. There being evidence of slight care, as above indicated, and the question of fact being for the court's determination, it cannot be held that the driver of the Willys-Knight car was guilty of gross negligence.

In concluding that the evidence in this case will not sustain the charge of gross negligence, we are not disagreeing with the trial court where the testimony of witnesses is in conflict, but we are merely drawing a conclusion from the facts about which there is little, if any, material dispute other than that reached by that court.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the case as to the appellants.

BEALS, C. J., STEINERT, MILLARD, and MITCHELL, JJ., concur.